Hurley, Administrator, *v.* McIver.

Filed May 8, 1889.

---

No. 13,715.

## HURLEY, ADMINISTRATOR, *v.* McIVER.

WILL.— *Widow.— Election.— Waiver of Rights under the Law.—* Where a testator by his will disposes of all his property and makes provision for his widow, which she accepts, her right to the five hundred dollars allowed her by law is waived.

From the Montgomery Circuit Court.

*W. B. Herod* and *J. F. Harney,* for appellant.

*B. Crane* and *A. B. Anderson,* for appellee.

MITCHELL, J.—The record discloses that James McIver, who died in February, 1884, by his last will and testament disposed of all his estate, both real and personal. To his widow, Lucretia McIver, he gave substantially all of his household furniture and eighty acres of land in Montgomery county, to be held by her during her natural life. The remainder over in the above mentioned tract of land, together with all of his other property, real and personal, was specifically devised and bequeathed to his children. There was no provision made in the will for the payment of five hundred dollars or any other sum to his widow. The widow elected to take under the will, and accordingly occupied the real estate, and enjoyed the use of the personal property devised to her during her lifetime. Afterwards the administrator of her estate made an application to sell the real estate which had been occupied by the widow, alleging that she had never received the five hundred dollars to which she was entitled under the law, and that there was no personal property or other assets of the estate of her late husband out of which to pay the amount.

The question is presented, whether or not, since a provision was made for his widow by the last will and testament of James McIver, which she accepted with knowledge that the residue of his estate had all been specifically·disposed of, without mention of the five hundred dollars allowed by law, the administrator of her estate may now compel payment of this sum notwithstanding the will.

The land which the administrator is seeking to sell was devised to the testator's son, without any suggestion that it was subject to any other encumbrance than the life estate previously devised to his mother. It is manifest, if it is now subject to be sold to pay five hundred dollars to the administrator of the widow, that the intention of the testator will be, to that extent, set aside and disregarded, and the provisions of the will thrown into confusion and disorder.

The correct rule in respect to testamentary dispositions in

favor of a wife is, that she will be put to her election when it clearly appears from the will that the provision made for her therein was intended to take the place of that which the law makes; and the intention need not be declared in words, but may be deduced from clear and manifest implication, if the claim under the law would be plainly inconsistent with the will. Whenever it is reasonably clear that the provisions of the will were intended to be in lieu of the provision made for the widow by law, if she accepts the former she thereby waives the latter. *Wright* v. *Jones,* 105 Ind. 17, and cases cited; *Stewart* v. *Stewart,* 31 N. J. Eq. 398; *Savage* v. *Burnham,* 17 N. Y. 561.

Where a husband has made specific provision for his widow, and has also disposed of all his other property in such a way as to make it apparent that the assertion by the widow of the right to take both under the law and under the will, would defeat the manifest purpose of the testator, she will be confined to the provision made by the will, after she has effectually elected to take the benefits so provided. *Morrison* v. *Bowman,* 29 Cal. 337.

While a testator may not have the power to dispose of property which the law casts upon his widow, nor to deprive her of the five hundred dollars to which she is entitled by law, yet if it plainly appears that it was his purpose to do so, and the widow has accepted a testamentary provision made for her, such acceptance is a confirmation of the testamentary disposition, and waives her right under the law. As we have seen, to permit the claim now made on behalf of the estate of the widow to prevail, would operate practically to defeat the will. It can not, therefore, be allowed. This doctrine was enunciated in *Langley* v. *Mayhew,* 107 Ind. 198, after full and mature deliberation. It is adhered to and is decisive of the correctness of the judgment from which this appeal is prosecuted.

The judgment is affirmed, with costs.

Filed May 9, 1889.