No. 15,711.

## Shafer v. Shafer, Executor.

Will.—*Decedents' Estates.— Widow.—Statutory Allowance.—Election to Take Under the Will.—Effect.—Case Distinguished.*—Where a husband has made specific provision for his widow, and has also disposed of all his other property in such a way as to make it apparent that the assertion by the widow of the right to take both under the law and under the will would defeat the manifest purpose of the testator, she will be confined to the provisions made by the will, if she elects to take the provision made for her. *Shipman* v. *Keys*, 127 Ind. 353, distinguished.

From the Clark Circuit Court.

*J. H. Stotsenburg* and *E. B. Stotsenburg,* for appellant.

*J. K. Marsh,* for appellee.

Coffey, C. J.—This was a petition by the appellant,

Ellen Shafer, as the widow of Henry Shafer, deceased, against the appellee, David Shafer, as the executor of the will of the said Henry Shafer, for an allowance of the $500 given to widows under the provisions of sections 2269 and 2270, R. S. 1881.

The question presented for cur consideration involves the construction of the will.

By the terms of his will Henry Shafer gave to his wife, the appellant here, certain described real estate in Clark county, to be held by her during her natural life, or during her widowhood, and, also, all his personal property except money, promissory notes and choses in action. The will further provides that the executor shall invest the sum of two thousand five hundred dollars for the benefit of the appellant, and shall pay to her the interest thereon semi-annually. He gave to his children and grandchildren all the remainder of his property, and provided by his will that upon the death of the appellant the executor should sell the property bequeathed to her and divide the proceeds, together with the two thousand five hundred dollars invested for her benefit, equally among three children named in the will, or their descendants. The appellant elected to take under the will.

It will thus be seen that the will disposes of all the property owned by Henry Shafer at the time of his death.

Whatever may have been the rule of construction in this State prior to the decision in the case of *Langley* v. *Mayhew*, 107 Ind. 198, it is now settled that where a husband has made specific provision for his widow, and has also disposed of all his other property in such a way as to make it apparent that the assertion by the widow of the right to take both under the law and under the will would defeat the manifest purpose of the testator, she will be confined to the provisions made by the will, if she elects to take the provision made for her. *Hurley* v. *McIver*, 119 Ind. 53.

It is true that a testator can not dispose of the property

which the law gives the widow by his will without her consent, yet the principle that she may waive the provision made by law, and take in lieu of it a provision made by the will of her husband, is too well settled to require the citation of authority.

In this case it was the evident intention of the testator that his children should take all his property not specifically given the appellant. In this the case is distinguished from *Shipman* v. *Keys,* 127 Ind. 353, where the bequest was general, and not specific.

As the appellant elected to take under the will of her husband, and as she can not take both under the will and under the law without defeating the manifest intention of the testator, we think the court did not err in refusing to allow her claim.

Judgment affirmed.

