No. 322.

### O'KANE *v.* MILLER ET AL.

EVIDENCE.—*Negative Allegation.*—*Burden of Proof.*—Where the plaintiff grounds his right of action upon a negative allegation, the establishment of which is an essential element in his case, he is bound to prove it, though negative in its terms.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*J. T. Hanley* and *E. Stansbury,* for appellees.

ROBINSON, C. J.—This action was commenced before a justice of the peace, before whom the case was tried, resulting in a judgment in favor of the appellees.

Appellant appealed to the circuit court.

The material allegations contained in the complaint are: That appellant was, on the 19th day of October, 1889, the owner of a large mule, of the value of one hundred and fifty dollars; that on said day said mule was in a certain lot of ground belonging to the appellee, James Miller, under his

(136)

control, and which the appellee Miller had agreed with the appellant that he might have for pasture if he would fence the same with a wire fence sufficient to turn horses and cattle ; that appellant, pursuant to said agreement, fenced said lot with a barbed wire fence sufficient to turn such animals, and had therein said mule on said day, when the appellees wrongfully and unlawfully, and without appellant's knowledge or consent, cut said wire and opened a wide gap therein, and went away and left the same open, and thereby said mule was permitted to escape from said enclosure and wander upon lands other than appellant's whereon corn on the stalk was standing ungathered, and clover, of which said mule ate large quantities, causing his death, to appellant's damage one hundred and fifty dollars, all of which was done and caused without appellant's fault, and solely through the fault of the appellee. Wherefore demand for judgment, etc.

In the circuit court the cause was tried by a jury, resulting in a verdict for the appellees.

The appellant moved for a new trial, which was overruled, and judgment was rendered on the verdict.

But one error is properly assigned, to wit, that the court erred in overruling appellant's motion for a new trial.

The brief of counsel for the appellant is limited to a single question contained in the motion for a new trial, being the alleged error of the court in instructing the jury " that the burden was on the appellant to show by a preponderance of the evidence that the appellees did not put up the fence in question in substantially as good condition as when they found it."

There is no doubt about the rule of law that the burden of proof is upon the party who asserts the affirmative of the issue, but where the plaintiff grounds his right of action upon a negative allegation, the establishment of which is an essential element in his case, he is bound to prove it, though negative in its terms. *McKendry* v. *Sinker, Davis & Co.,* 1

Ind. App. 263; *Nash* v. *Hall,* 4 Ind. 444; *Goodwin* v. *Smith,* 72 Ind. 113.

The complaint in the case at bar alleges that "On said day said appellees wrongfully and unlawfully, without appellant's knowledge or consent, cut said wire and opened a wide gap therein, and went away and left the same open, and thereby said mule was permitted to escape from said enclosure," etc.

Under this allegation the burden was undoubtedly upon the appellant to show that the appellees had, without the knowledge or consent of the appellant, cut said wire and opened a wide gap therein, and left the same open, and that thereby said mule was permitted to escape from said enclosure.

Does not this allegation in the complaint necessarily and legitimately involve the question as to whether appellees left the gap so cut in the wire open, or whether the appellees "did not put up the fence in question in substantially as good condition as when they found it?" We think that both of these questions are involved in the averments in the complaint, and that the burden was upon the appellant. If the death of the mule was caused by the appellees taking the fence down, it must not only have appeared that the appellees took the fence down, but left it in that condition, and thereby allowed the mule to escape. It required both facts averred in the complaint to make the appellant's case, and as the appellant's right of action was in part grounded upon a negative allegation, the establishment of which was an essential element in his case, the burden was on him to prove it, though negative in its character.

The instruction was proper under the issue in the case, and was applicable to the evidence, which is in the record. The court did not err in giving the instruction.

Judgment is affirmed, at appellant's costs.

Filed Dec. 9, 1891.