Filed Feb. 6, 1895.

---

No. 1,284.

SNODGRASS, ADMINISTRATOR, v. MEEKS, ADMINISTRATOR.

DECEDENT'S ESTATE.—*Widow's Five Hundred Dollars.*—*Election to
Take Under Will.*—A devise by a husband to his wife of all his real
and personal property during her life, with power to sell enough to
pay his debts; with a devise at her death in certain proportions to
his children, will bar her right to claim the statutory allowance of
five hundred dollars if she accept the terms of such will.

SAME.—*Waiver of Statutory Allowance, When Occurs.*—When the pro-
visions of a will are inconsistent with the widow's taking the
statutory allowance of five hundred dollars, her acceptance of the
provisions of the will is a waiver of her claim to such sum.

WILL.—*Devisee Asserting Claims Defeating Will.*—A devisee taking
under a will can not assert a claim that will defeat any of *its* pro-
visions, but he must give effect to all of them and perform the bur-
dens attached to the benefit.

WILL.—*Election of Widow, Failure to Make.*—*Redemption.*—If a widow
do not elect in writing to reject the provisions of a will made by
her husband for her in lieu of her marital rights, it will be deemed
that she has elected to take under the will.

From the Delaware Circuit Court.

*W. W. Orr*, for appellant.

*G. W. Cromer* and *C. E. Shipley*, for appellee.

REINHARD, J.—The appellant is the administrator of
the estate of Carventer Conner, deceased, and as such on
the 3d day of May, 1893, filed in the court below his
final settlement account. The appellee is the adminis-
trator of the estate of Sarah Conner, deceased, who was
the widow of Carventer Conner. The appelle filed ex-

ceptions to the appellant's final report on the ground that the appellant had not paid to Sarah Conner nor to the appellee, her administrator, nor to any other person for her or him the $500 to which she was entitled by section 2424, R. S. 1894 (section 2269, R. S. 1881), as the widow of said Carventer Conner. The court sustained the exceptions and ordered the appellant to pay to the appellee the said $500 and to correct his report accordingly. From this judgment the present appeal is taken. The facts upon which the appellee bases his claim are agreed upon, and are as follows:

Carventer Conner died in Delaware county, Indiana, December 13, 1891, the owner of seventy acres of land of the value of $2,500 and of personal property of the value of $411.84, all of which was exhausted in the payment of debts and expenses. He left a will, which was probated December 18, 1891, by which he made the following disposition of his property:

"Item 1. I give and devise to my beloved wife, in lieu of her interest in my lands, the farm on which we now reside, situate in Harrison township, Delaware county, Indiana, containing about seventy (70) acres, during her natural life; and all the household goods, furniture, provisions and other goods and chattels which may be thereon at the time of my decease, during her natural life, as aforesaid, she, however, selling so much thereof as may be sufficient to pay my just debts. At the death of my said wife I give and devise of said real estate to my son, John M. Conner, ten (10) acres; to my daughter, Nancy Martin, ten (10) acres; to my daughter, Elizabeth Wallace, ten (10) acres. Item 2. After carrying out the above provisions it is my will that the residue of my real estate and personal property be divided equally between my sons, Reuben Conner

and John M. Conner, and my daughters, Nancy Martin and Elizabeth Wallace.''

The testator left surviving him his said widow, who was his second wife, and the four children named in the will. Sarah Conner, the widow, died in Delaware county, Indiana, January 13, 1892, leaving no estate of her own save wearing apparel and household goods amounting in value to about $50. She left, surviving her, children by a former marriage. She was indebted at the time of her death and this indebtedness, together with expenses of last sickness and funeral, aggregates $125, which is unpaid.

The appellant was appointed administrator with the will annexed of the estate of Carventer Conner, January 19, 1892, and filed his final settlement report, as already stated, May 3, 1893. The appellee was appointed administrator of the estate of Sarah Conner, deceased, April 12, 1893.

The widow made no election in writing accepting or rejecting the provisions of the will. No part of the $500 here claimed was ever paid, nor was any claim filed for the same with the clerk of the circuit court for allowance against the estate of appellant's testate, except as claimed in said final report. The final settlement was set for hearing for May 25, 1893, and due notice given. Appellant moved for a new trial, which motion was overruled and the ruling excepted to.

Under these facts was the appellee entitled to the $500?

The statute above cited provides that the widow of the decedent, whether he die testate or intestate, may, at any time before the sale, select and take articles therein named at the appraisement, not exceeding in the aggregate $500. If she fail or refuse to take such articles she shall be entitled to receive the amount in cash out of the first moneys

received by the administrator in excess of the amount necessary to pay the expenses of administration and last sickness and funeral of the decedent; but if the estate is clearly solvent, she is entitled to have the same out of the first moneys received by the administrator regardless of payment of expenses for administration, funeral and last illness. If the personal estate be insufficient to pay the amount due the widow, the deficit is a lien on the real estate of the decedent liable for the payment of his debts, which lien is enforcible and the lands may be sold as in case of the sale of land for debts of the decedent.

It would seem, from the reading of this statute, that the widow is entitled to claim her $500 absolutely, without regard to the fact whether the decedent died testate or intestate. And if she dies before asserting or receiving this statutory allowance, her representatives may claim and take the same. *Bratney, Admr.,* v. *Curry, Exr.,* 33 Ind. 399.

There is, however, one exception to the rule, that she may take the $500, will or no will, and that is where the provisions of the will are inconsistent with her taking the statutory allowance of $500 and she accepts under the will.

In that case the acceptance is construed as a waiver of her claim to the personalty under the statute, as otherwise she would be enabled, by the assertion of both claims, to defeat the will of the testator. *Langley* v. *Mayhew,* 107 Ind. 198; *Hurley, Admr.,* v. *McIver,* 119 Ind. 53; *Shipman* v. *Keys,* 127 Ind. 353; *Shafer* v. *Shafer, Exr.,* 129 Ind. 394; *Like* v. *Cooper,* 132 Ind. 391; *Richards* v.*Hollis,* 8 Ind. 353.

It is not claimed that the widow, in the present case, made an election to take under the law and to reject the provisions of the will. In fact, it is conceded that she made no such election. This being true, under the

statute, she will be deemed to have taken under the will. R. S. 1894, section 2666; *Fosher* v. *Guilliams, Exr.*, 120 Ind. 172.

There was no personal property to pay the claim of the widow's $500 or any part thereof. The allowance would, therefore, necessarily have to be paid out of the testator's real estate. This, however, was disposed of, entirely by the will. By its provisions the widow was given a life estate in all of it, and the remainder was to go to the testator's children. If any portion of the lands were sold to pay the widow's claim of $500, to that extent the intention of the testator would be defeated. It is true, the will does not in terms provide that the widow shall take the life estate in the lands in lieu of her interest in the same and also in lieu of her absolute allowance of $500. But when the purpose of the testator, that this shall be the disposition, is as manifest as it is in the will before us, such purpose will be enforced, though not expressed in words. *Hurley* v. *McIver, supra.*

As we have said, the widow's failure to reject the will amounts to an election to take under it. But she can not elect to take the benefits accruing to her by virtue of the will, and at the same time reject the burden connected with such benefits. She had the right of accepting the provisions made for her by the law. But when, by the will, her husband provided for her another right, in lieu of the statutory one, she could not take both and thereby defeat the purpose and intention with which the will was manifestly executed. If she elect to take under the will, she is bound to give effect to all of its provisions and perform the burdens attached to the benefit. *Moore, Exr.,* v. *Baker,* 4 Ind. App. 115.

The appellee can not properly claim the $500 unless the widow could have claimed it. If the widow had

elected to take under the will and could also have collected her $500, the real estate in which she had a life interest would necessarily have to be sold to make assets for that purpose. This would give the widow enough of the proceeds of the real estate to make the $500, but would also give her a life estate in the remainder, which is absolutely inconsistent with the provisions of the will. To claim the $500, therefore, she would have to elect to take under the law and reject the provisions of the will.

We think the court erred in sustaining the exceptions to the final report, and consequently in overruling the motion for a new trial.

Judgment reversed.

Lotz, C. J., did not participate in the decision of this cause.

Filed Nov. 13, 1894; petition for rehearing overruled Feb. 5, 1895.