Filed April 2, 1896.

No. 17,677.

## ARCHIBALD v. LONG, EXECUTOR.

| | |
|---|---|
| 144 | 451 |
| 149 | 367 |
| 149 | 378 |
| 152 | 314 |

APPELLATE PROCEDURE.—*Special Finding Silent as to Material Fact.—Presumption.*—A material fact will be presumed, on appeal, to be against the party who was obliged to prove it, where the special finding is silent in regard thereto.

| | |
|---|---|
| 144 | 451 |
| 155 | 338 |

| | |
|---|---|
| 144 | 451 |
| 160 | 240 |
| 160 | 693 |

EVIDENCE.—*Burden of Proof.—Decedent's Estate.— Widow's Rights. —Election.*—One seeking to subject all of a testator's land to payment of his debts on the ground that the widow did not elect to take under the law within a year as required by section 2666, R. S. 1894, has the burden of proving such fact.

| | |
|---|---|
| 144 | 451 |
| 166 | 360 |
| 167 | 558 |

| | |
|---|---|
| 144 | 451 |
| 169 | 160 |

WILL.—*Election by Widow.*—The failure of a widow to affirmatively elect within a year after probate of the will to accept the provision made by law, as required by section 2666, R. S. 1894, will be deemed an election to accept the provisions made by the will in place of the provisions by law.

From the Kosciusko Circuit Court.

*J. H. Brubaker* and *L. W. Royse,* for appellant.

*S. J. North* and *W. D. Frazer,* for appellee.

HACKNEY, C. J.—The facts specially found in this case were that Joel Long died testate, August 25, 1887, the owner in fee simple of lands in Kosciusko county of the value of $13,500, and personal property of the value of $3,002; that his widow and five children survived him; that by his will he devised all of said lands to his wife during her life, subject to certain support to certain of his children, and an interest in the products to his son, Elisha, and the personal estate was bequeathed to the widow and said son in trust for the management of the lands and the payment of the debts of the testator; that the provision for his widow was in lieu of all of her interest in his estate excepting the sum of $500, allowed her by law as his widow; at the time of his death he was indebted in the sum of $17,500, of which $7,500 was secured by mortgages of said lands; of said personal estate the widow took said $500 as her statutory allowance and, in June, 1888, said Elisha, as executor of said estate, petitioned the circuit court to sell real estate to pay debts of said estate; in said petition it was alleged, in addition to the facts as to the condition of the estate, that the executor could not proceed under the provisions of the will and satisfy the demands of the creditors, and that it was necessary to sell two-thirds of said real estate.

The widow and all of the children were parties to

the petition, and appeared in open court and consented in writing "to an order of court for the sale of so much of said real estate as might be liable for the payment of the debts of the testator," and thereupon the court ordered the sale of the undivided two-thirds thereof. Upon said order said executor sold said two-thirds for $9,058. The said sum, together with the personal property of the estate, is wholly inadequate to pay the debts of the estate. The appellant is a creditor and the appellee has been appointed and qualified as executor of the estate. As conclusions of law upon said facts, the court found that three-fourths of said real estate had been and were liable for the debts of said estate, and that two-thirds having been sold, the executor should proceed to sell an additional undivided one-twelfth.

The appellant insists that the whole of the remaining undivided one-third of said lands was subject to sale for the payment of the debts of the estate. The theory upon which this insistence proceeds is that the widow failed to elect to take her interest in the estate, under the law, and is conclusively presumed to have elected to take under the will; that having taken under the will the devise to her was subject to the payment of the debts and that she could not hold either the one-third or the one-fourth of the estate against creditors as if she had taken under the law.

It seems to be conceded by the appellee's counsel that if the widow had taken under the will all interest in the entire lands would have been liable for the debts. See the following authorities cited by the appellant in support of this proposition: *Langley* v. *Mayhew*, 107 Ind. 198; *Hurley, Admr.*, v. *McIver*, 119 Ind. 53; *Draper* v. *Morris*, 137 Ind. 169; *Miller* v. *Buell*, 92 Ind. 482; *Kayser* v. *Hodopp*, 116 Ind. 428; *Fosher* v. *Guilliams, Exr.*, 120 Ind. 172.

Nor does the appellee directly question the proposition that a widow's failure to make an affirmative election within one year after the probate of the will, as required by section 2666, R. S. 1894, will be deemed an election to accept the provision made by the will and a rejection of the provision made for her by the law. That said proposition is the settled law, see *Hurley* v. *McIver, supra; Fosher* v. *Guilliams, supra; Draper* v. *Morris, supra; Garn, Exr.,* v. *Garn,* 135 Ind. 687. However, it is insisted, on behalf of the appellee, that if the issue was properly tendered by the petition, and that it was is denied, the appellant was required to prove the fact, which should have been specially found, that the widow did elect to take under the will or that she did not elect to take under the law. There is no disputing the proposition that where the special finding is silent as to a material fact that fact must be taken to be against the party who was obliged to prove it. *Meeker* v. *Shanks,* 112 Ind. 207 ; *Cincinnati, etc., R. W. Co.* v. *Gaines,* 104 Ind. 526; *Kehr* v. *Hall,* 117 Ind. 405 ; *Fletcher* v. *Martin,* 126 Ind. 55 ; *Town of Freedom* v. *Norris,* 128 Ind. 377; Elliott App. Proced., section 757, n. 3.

If the widow took under the law there can be no question, and appellant suggests none, that she was entitled to one-fourth of the real estate free from the appellant's claim as a creditor of the testator.

It was upon the theory that the widow did not take under the law that the appellant proceeded in the court below, though it must be conceded that his petition was at least indefinite, since his only allegation upon this question was that all of the land "is subject to sale for the payment of the debts of said estate." The court's conclusion of law that the widow was entitled to retain one-fourth of the land could

stand only upon the theory that she had not taken under the will. The special finding was silent as to her election.

It remains, therefore, but to inquire whether the appellant was obliged to affirm that the widow accepted the provisions of the will or that she did not elect to take under the law. The acceptance of the provisions of the will required no affirmative action, and her mere silence until after one year from the probate of the will would be deemed an election to take the provisions made by the will. If she declined the provisions of the will, the statute required her to take special affirmative action, namely: to file within such year an election, written and acknowledged. At the close of the year her rights were susceptible of affirmative proof. Her election to take under the will would appear from the failure to file a declaration to the contrary, a fact as easily proven, though negative, as the fact that she may have renounced the will.

This fact was essential to the appellant's theory of the case, it was upon this fact that his right existed. If treated as a negative, it is the rule "that where a negative is essential to the existence of a right, the party claiming the right has the burden of proving the negative." *Boulden* v. *McIntire*, 119 Ind. 574; *Goodwin* v. *Smith*, 72 Ind. 113; *O'Kane* v. *Miller*, 3 Ind. App. 136; *City of New Albany* v. *Endres*, 143 Ind. 192. We cannot presume that the widow did not elect to take under the law because of the silence of the special finding. By the authorities already cited, it will be seen that no intendments are indulged in favor of the party holding the burden of the issue, beyond the scope of the facts specially found. The facts found, therefore, do not require the conclusion that the widow accepted the provisions of the will. The appellant's learned counsel have not

favored us with any discussion or suggestion upon this branch of the case, and we are without their views upon the question.

The judgment of the circuit court is affirmed.

Filed April 2, 1896.