WHETSELL, ADMINISTRATOR, *v.* LOUDEN, ADMINISTRATOR.

[No. 3,209. Filed June 29, 1900.]

WILLS.—*Election by Widow.*—*Statutory Allowance.*—Testator by the terms of his will gave all of his property real and personal to his wife, except certain partnership property. The widow caused the will to be probated and took possession of all of the property given her and disposed of the personal property for her own benefit, leaving the creditors of the estate without anything from the personal property to apply on their debts. She afterward for a valuable consideration conveyed her interest in the lands to creditors. *Held,* that she was not entitled to her statutory allowance of $500.

From the Monroe Circuit Court. *Affirmed.*

*P. R. Wadsworth* and *W. Q. Williams,* for appellant.
*J. H. Louden* and *T. J. Louden,* for appellee.

BLACK, J.—In a statement of claim filed by the appellant as administrator of the estate of Margaret Bollenbacher, deceased, against the appellee as administrator *de bonis non* of the estate of George Bollenbacher, deceased, it was shown, in substance, that one John C. Whisnand was by the court below duly appointed as administrator of the estate of said George Bollenbacher, deceased, and accepted the trust, and as such administrator filed an inventory in that estate, by which it was shown that said Margaret Bollenbacher, who was the widow of said George, received from

said Whisnand, administrator, $12.50, as a part of her statutory allowance; that she died intestate in November, 1898; that she never received any part of the $500 due her, other than said sum of $12.50; that the appellant, in 1898, was duly appointed by the Daviess Circuit Court of this State as administrator of the estate of said Margaret, deceased, and accepted the trust; that he has never, as such administrator, received any part of said statutory allowance; and that there is due the appellant as such administrator from the appellee, administrator *de bonis non* of the estate of said deceased husband, $487.50, the remainder of such allowance.

The appellee answered in two paragraphs, the first being a general denial. A demurrer to the second paragraph of answer was overruled, and this ruling is assigned as error.

In the second paragraph of answer it was alleged that in 1885, and prior thereto, said husband resided at Bloomington, Monroe county, Indiana; that in September of that year he died testate, leaving surviving him said Margaret Bollenbacher, his widow, and several children; that on the 25th of September, 1885, said widow caused his will to be filed in the office of the clerk of the Monroe Circuit Court, where it was duly admitted to probate on that day, and duly recorded, etc. A copy of the will is set out in the answer, its dispositive items being as follows: "Item 1. I give and bequeath to my beloved wife, Margaret Bollenbacher, all of the property of which I shall die seized, both real and personal, of whatever description and wherever situated, for her use and benefit and profit so long as she shall remain my widow and single, or during her natural life, except my interest in the firm of Bollenbacher & Sons, engaged in the manufacture of spokes, including my interest in the real and personal property belonging to said firm. Item 2. I give and bequeath to my sons Martin C., William P., Samuel M. and Jacob Q. Bollenbacher, equally, share and share alike, all the interest in the said firm of Bollenbacher & Sons of which

I shall die seized, including my interest in the real and personal property belonging to said firm. Item 3. Upon the marriage of my wife, Margaret, or at her death, I desire and direct that all my real estate of which I shall die seized, and all my personal estate then remaining, shall be equally divided, share and share alike, between my children," naming them, twelve in number, including those named above in the second item. In the next and last item the widow of the testator was named as executrix.

It was further alleged in the answer that said widow under and by virtue of said will and §2505 R. S. 1881, as amended in 1885, took possession of all of said property "so devised to her," including a large stock of boots and shoes which the testator had on hand at his death, worth over $2,000, and appropriated the same to her own use, and disposed thereof for her own benefit, leaving the creditors of said estate without anything from the personal property to apply on their debts; that by virtue of said will and said statute, she also took possession of certain real estate, described, in Monroe county, consisting of certain lots in the city of Bloomington and thirty-one acres of land; that no administration was had on said estate until the fall of 1894, when John C. Whisnand was appointed administrator with the will annexed of said estate and qualified as such; that all the personal property of the estate that he could find amounted to $12.50; that the personal property of George Bollenbacher at his death amounted to $2,000 or more; that claims being filed against said estate amounting to $5,304, said administrator filed in the court below a petition for an order to sell said real estate; that while said petition was pending said Margaret, widow of said testator, proposed to a bank named that, as it held a large claim against said estate, it should buy her interest in said real estate; that the bank thereupon accepted her proposition, and, in consideration of $1,000 paid her by the bank, she, on the 17th of April, 1895, executed to the bank a warranty deed, con-

veying and warranting to the bank all her right, title, and interest in and to said real estate, which deed was recorded, etc., on the 1st of June, 1895; that at the time she sold and conveyed said real estate to the bank "there was no place for her to get any statutory allowance except out of said real estate."

The election of a widow under §2505 R. S. 1881, as amended in 1885, §2666 Burns 1894, §2505 Horner 1897, relates to her choice whether she will retain her right by statute to one-third of the lands of her late husband, or will take lands devised to her by him in a provision made for her by his will in lieu of her statutory right in his lands. It is not the election between the absolute allowance of $500 provided by §2424 Burns 1894, §2269 Horner 1897, and the provisions made for her in his will. The last mentioned statute provides that the widow of a decedent, "whether he die testate or intestate," may select and take articles named in the appraisement aggregating $500, and that if she fail or refuse to select and take all or any part of such articles, she shall be entitled to the amount of the deficiency in cash out of the first moneys received by the executor or administrator in excess of the amount necessary to pay the expenses of administration and of the last sickness and funeral of the deceased; and if the estate be clearly solvent, she shall be entitled to such payment out of the first moneys received by the executor or administrator; and if the personal estate be insufficient for such payment to her in cash, the deficit shall constitute a lien upon the real estate of the decedent liable to sale for the payment of debts, which lien may be enforced, upon the petition of the executor or administrator, in like manner as lands of the decedent are sold for the payment of debts, and shall be superior to the lien of judgments upon such real estate rendered against the decedent.

The widow was not required by the terms of any statute in force at the death of her husband to elect as to whether

she would take her statutory allowance of $500. If she was required to make an election between that allowance and the provisions of her husband's will, the requirement would be referable to equitable principles. *Shipman* v. *Keys,* 127 Ind. 353; *Moore* v. *Baker,* 4 Ind. App. 115, 51 Am. St. 203.

She could not have the statutory allowance if she had chosen and enjoyed the provision made for her in the will, if the intention of the testator, as gathered from the terms of the will, was that she should not have both the statutory allowance and the provision made by the will. If to take both under the law and under the will would so derange the disposition of property made by the will as to defeat the intention of the testator, she could elect to take the statutory allowance or the provision made for her by the will, but she could not take both; and if she had already elected to take and was already in the enjoyment of the testamentary provision thus inconsistent with the statutory allowance, she could not maintain a claim for the latter. *Langley* v. *Mayhew,* 107 Ind. 198; *Hurley* v. *McIver,* 119 Ind. 53; *Shipman* v. *Keys, supra; Shafer* v. *Shafer,* 129 Ind. 394; *Like v. Cooper,* 132 Ind. 391; *Snodgrass* v. *Meeks,* 12 Ind. App. 70.

The widow having made no election in writing to take under the law instead of under the will, and having caused the will to be admitted to probate, and having entered upon the enjoyment of the provisions made for her in the will, as described in the answer, she is to be regarded as having elected to take under the will all that she did take and use and consume and sell and convey, and therefore as having assented to all the provisions of the will for others inconsistent with her claim under the statute.

The personal property of the appellee's testator had been exhausted. Pursuant to the terms of the will, it had been used and enjoyed by the widow, before the appointment of the appellee's predecessor in the trust except the sum

of $12.50, which also she had received, as alleged in the complaint, or statement of claim. The interest of the testator in the partnership property was directed by the will to go to certain sons named of the testator. The surviving partners by law were entitled to its possession and control to be disposed of for the benefit of themselves and the estate of the deceased partner, consistently with the rights of creditors. *Bollenbacher* v. *First Nat. Bank,* 8 Ind. App. 12; *McIntosh* v. *Zaring,* 150 Ind. 301, 312.

There was no source from which to draw the statutory allowance, but the real estate, which had been devised to the widow during her widowhood or for her life, then to go to designated children of the testator. The widow had conveyed by warranty deed all her interest in the real estate, and thereby had secured to herself a sum which she accepted as the equivalent of the interest therein devised to her.

If it would not be an assertion of a right inconsistent with her covenant of warranty for her to claim a lien upon the real estate for her statutory allowance, it would, it seems, be inconsistent with the intention of the testator thus to diminish the provision made by the will for his children after the termination of the interest in the real estate given by the will to the widow. It must be considered that it was no less his purpose thus to provide for his children than to provide thus for his widow; and his intention would be thwarted by the diminution of either provision for the benefit of the person or persons entitled by his will to the other provision alone.

We find no error in the overruling of the demurrer to the second paragraph of answer.

Judgment affirmed.