## Boord v. Boord et al., Executors.

[No. 20,415. Filed October 5, 1904.]

Wills.—*Provision for Widow.*—*Statutory Allowance.*—Where the testator by his will devised to his wife certain real estate, his house, and the rents of his farm and also his household goods, horse and carriage and $4,000 cash, and further provided that if this was not sufficient, his executors should furnish her as much besides as shall be necessary for her during life, and bequeathed and devised the remainder to his children, and the widow elected to take under such will, she is not entitled to the $500 additional under the provisions of §2424 Burns 1901, it being clear that the testator intended to make a testamentary disposition of all of his property.

From Fountain Circuit Court; *C. V. McAdams*, Special Judge.

Claim by Mary A. Boord against Allen Boord and another as executors of the will of Samuel Boord, deceased. Judgment for defendants. Plaintiff appeals. Transferred from the Appellate Court under §1337u Burns 1901. *Affirmed.*

*M. W. Bruner*, for appellant.
*Lucas Nebeker*, for appellees.

Hadley, J.—Action by the widow of a testator for the statutory allowance of $500 in addition to the provisions made for her in the will. Samuel Boord died testate in March, 1899. His will was duly probated. He left sur-

viving him a widow, appellant, but no child, nor the descendants of any. Neither did his widow have any child nor descendants of any. He had brothers and sisters living. The material provisions of his will were as follows: "Item 1. To my beloved wife, Mary A. Boord, I give all my household goods, my family horse and carriage, the house, and lots numbered 115, 82, 83, 84, 111, 112, and 113, in McCarty's Add., and out-lot G in French's Add. to Covington. Also the rents and profits of my farm. Also the sum of $4,000, to have and to hold in fee simple and do with as she may see proper. I further will that if said bequest is not sufficient for the maintenance of said Mary Boord, I will that she have so much thereof as shall be necessary for her maintenance so long as she shall live." Certain other special bequests are made, and then: "Item 5. All the rest and remainder of my estate both real and personal I give, devise, and bequeath to my brothers and sisters, -* * * share and share alike. Item 6. I further will that there shall be no division of my property so long as my wife shall live." By subsequent provision appellees are appointed executors, and among other powers conferred is the following: "I do also authorize and empower them to take charge of all my property, to see after, and to manage as they may see proper, and to hold in trust for my wife such part as is due her by this my last will."

The farm referred to is of the value of $15,000, and of the annual rental value of $600. The personal estate, chiefly notes, amounted to $15,000. The widow, timely, and in legal form, elected to accept the provisions of the will as her portion. She was at the death of her husband seventy-seven years of age. On July 1, 1902, having exhausted the bequest of $4,000, and all the rentals from the farm, and all other sources of income under the provisions of the will, she filed in the circuit court her petition against the executors, in which petition she represented that she had drawn and used all the bequests of the will, and that she no longer had

Boord *v.* Boord.

any source of income other than the rents of the farm, and prayed the court to order said executors to pay her a stated monthly allowance of $60 from the general estate. On the facts stated in the petition the court made the order as prayed. Appellant has regularly received said monthly allowance from the general estate, and on October 27, 1902, filed against said estate her claim for an allowance of $500, as surviving widow, under the provisions of §2424 Burns 1901.

The foregoing facts are set up by the executors in bar of her claim. The court overruled appellant's demurrer thereto, which ruling involves the only question presented by the record.

It may be said to be the settled rule in this State that where a husband has made a specific testamentary provision for his widow, and disposed of the remainder of his property to others, the widow will not be permitted to take both under the will and under the law when such a taking will have the effect of defeating the manifest purpose of the testator. While it is true that a testator has no power to deprive his widow of the $500 allowed by statute, or of any other right conferred by law, yet if, in making a testamentary disposition of all his property, he makes for her another provision more valuable, or more acceptable, which is clearly intended to be in lieu of her legal rights, and the widow accepts such provision, such acceptance is held to be a confirmation of such testamentary disposition, and a waiver of her rights under the law. *Shafer* v. *Shafer* (1891), 129 Ind. 394; *Hurley* v. *McIver* (1889), 119 Ind. 53; *Langley* v. *Mayhew* (1886), 107 Ind. 198; *Cameron* v. *Parish* (1900), 155 Ind. 329; *Whetsell* v. *Louden* (1900), 25 Ind. App. 257.

Do the facts bring this case within the rule? It is plain that the testator intended by his will to dispose of all of his property. He gave to his widow the absolute right to the home, including eight town lots, all the household goods,

the family horse and carriage, $4,000 in cash, and the rents and profits of his farm. Besides this provision he also placed his entire estate subject to her necessities—"so much thereof as shall be necessary for her maintenance so long as she shall live"—and directed that the same should be held by his executors, and not a dollar of it distributed to another until it was determined by her death that his widow should need no more of it. He gave her a specific sum of money largely in excess of her statutory allowance without any mention of the latter, and what should be left of his farm and personal estate after supplying the contingent necessities of his wife was bequeathed to others. So it is manifest that the testator did not intend that his surviving widow should take her rights in his estate according to legal rules, but really without rule or limitation, other than that determined by her personal wants in her old age. Having given her about one-third of his estate to do with as she pleased, and made the remainder easily accessible for her comfortable support, it seems utterly improbable and inconsistent with his general purpose in the distribution of his estate that he intended that she should have both the provisions of the will and her statutory allowance.

The court did not err in overruling the demurrer to the answer.

The death of appellant since the submission of this cause having been suggested, the judgment is affirmed as of the date of submission.