## YOUNG *v.* BIEHL ET AL.

[No. 20,512.  Filed April 3, 1906.]

1.  ESTATES.—*Tenancy by Entirety.—Descent and Distribution.—* Lands held by a husband and wife as tenants by the entirety descend by law to the surviving wife regardless of any attempt by the husband to dispose of same by will.  p. 358.

2.  WILLS. — *Bequest to Widow. — Descent and Distribution. —* Where it is reasonably clear from the testator's will that the provisions therein for the widow are in lieu of her statutory rights, her acceptance of such provisions precludes her from claiming such statutory rights.  p. 359.

3.  SAME.—*Devise of Others' Property.—Election.—*Where the husband devised to his wife a life estate in lands held by them as tenants by the entirety, particularly describing them, and the widow elected to take the provisions of such will, she cannot afterwards claim that such property descended to her by law. p. 359.

4.  SAME. — *Widows. — Dower. — Election.*—Under §2666 Burns 1901, Acts 1885, p. 239, the failure of the widow to file with the clerk her written election to retain her rights under the law, is an election to take under the provisions of the will of the husband.  p. 360.

5.  SAME.—*Acceptance.—Inconsistent Claims.*—A devisee who accepts the provisions of a will in his favor cannot assert claims inconsistent with other provisions of such will.  p. 360.

6.  SAME. — *Acceptance. — Purchaser with Knowledge.* — Where testator devised to his widow a life estate in lands owned by them as tenants by the entirety, and she accepted the provisions thereof in lieu of her statutory rights, her grantee, with notice, received no greater right to such lands that she possessed, which was a life estate.  p. 361.

From Wabash Circuit Court; *H. J. Paulus,* Special Judge.

Suit by Jacob Biehl and others against Philip Young. From a decree for plaintiffs, defendant appeals.  Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.  *Affirmed.*

*Harvey B. Shively* and *Frank O. Switzer,* for appellant.

*Branyan & Feightner* and *Sayre & Hunter*, for appellees.

MONTGOMERY, J.—This suit was brought by appellees as the children and devisees of Jacob Biehl, deceased, to quiet title to a forty-acre tract of land in Wabash county. The complaint avers in substance that Jacob Biehl died testate at Huntington county, March 1, 1899, the owner in fee of an eighty-acre tract of land in said county, and that he and his wife, Mary Biehl, were the owners as tenants by entirety of the forty-acre tract in controversy, situated in Wabash county; that on February 19, 1898, said Jacob Biehl executed his last will and testament, whereby he devised to his wife, in lieu of her interest under the law in his land, both of said tracts of land for and during her natural life, and the remainder in fee to his children; that said will was admitted to probate in Huntington county, March 7, 1899; that all indebtedness left by said testator was paid out of his personal estate; that his widow made no written election to take under the law, but in fact accepted the beneficial provisions of her husband's said will; that in September, 1903, said Mary Biehl executed a warranty deed purporting to convey said forty-acre tract of land to appellant, which deed was subsequently recorded; that at the time of the execution of said deed appellant had full knowledge of the provisions of said will, and he was in possession of said lands claiming to own the same in fee. Appellant's demurrer to the complaint was overruled, and, electing to stand upon his demurrer, a decree was entered against him quieting appellees' title subject to the life estate of Mary Biehl, owned by appellant.

It is alleged that the court erred in overruling appellant's demurrer to the complaint.

The tract of land in dispute, owned by the testator and his wife, as tenants by entirety, would by law at his death pass to the surviving wife, regardless of any attempt

1. by the husband to make a different disposition by testamentary devise. *Wilkins* v. *Young* (1895),

144 Ind. 1, 55 Am. St. 162; *Thornburgh* v. *Wiggins* (1893), 135 Ind. 178, 22 L. R. A. 42, 41 Am. St. 422; *Duncan* v. *Forrer* (1813), 6 Binn. 193; 1 Jarman, Wills (6th ed.), *48; 15 Am. and Eng. Ency. Law (2d ed.), 847.

Conceding that the land in controversy was not subject to the testamentary power of the husband, but under the original grant passed to the wife immediately upon his death, testate or intestate, the question for decision is whether, by accepting the beneficial provision of a will, in which he attempted to dispose of this property, she is barred from asserting a title inconsistent with the terms of the will. It is well settled that where it is reasonably clear that the provisions of a will were intended to be in lieu of the widow's interest in her husband's estate under the law, she cannot have the benefit of both, and by the acceptance of one she waives all right to the other. *Bowman* v. *Olrick* (1905), 165 Ind. 478; *Cameron* v. *Parish* (1900), 155 Ind. 329; *Boord* v. *Boord* (1904), 163 Ind. 307; *Burden* v. *Burden* (1895), 141 Ind. 471; *Hurley* v. *McIver* (1889), 119 Ind. 53. It is manifest from the substance, as well as by the express terms of the will under consideration, that the provisions made therein in favor of Mary Biehl were intended to be in lieu of her interest as widow under the law in the lands of the testator.

It must be made clear by the will beyond all reasonable doubt that the husband intentionally assumed to dispose of his wife's real estate before she can be held, by her election to take under such will, to have bound herself to permit such property to pass under its operations. In this regard there is no room to doubt the intention of the testator, since his will makes unqualified and complete disposition of the title to the land by accurate and specific description. It is immaterial whether the testator erroneously believed the property to be his own, or knew the contrary, as in either case, if the intention to

dispose of it clearly appears, the principle of election applies.    11 Am. and Eng. Ency. Law (2d ed.), 68.

If a pecuniary or other provision is made for the wife in the will of her husband, in lieu of her rights to lands of her husband, she shall take under the will, unless within one year after the probate of such will she execute and file her written election to retain her right to one-third of his lands.    §2666 Burns 1901, Acts 1885, p. 239.    In construing the above statute the courts have uniformly held that if the widow fail to file, within the prescribed time, an election renouncing the provisions made for her in the will, she will be deemed to have elected to take under the same as to the real estate of her late husband.    *Archibald* v. *Long* (1896), 144 Ind. 451; *Dudley* v. *Pigg* (1898), 149 Ind. 363; *Fosher* v. *Guilliams* (1889), 120 Ind. 172; *Garn* v. *Garn* (1893), 135 Ind. 687.

It is averred in this complaint that Mary Biehl accepted the provisions made for her in the will of her late husband, and filed no written election to retain her interest in his estate under the law.    The intent of a testator being manifest in his will, it is the effort of the courts to make the same effectual; and upon equitable principles no person will be permitted to hold under a will and at the same time to hold against its provisions.    If a legatee or devisee voluntarily accept the beneficial provisions of a will, he must be held to have ratified and confirmed every part of it, and thereafter cannot be permitted to assert any inconsistent right or claim, however well founded, which would defeat the full operation of such will.    *Cameron* v. *Parish, supra; Hartwig* v. *Schiefer* (1897), 147 Ind. 64, 69; *Moore* v. *Baker* (1892), 4 Ind. App. 115, 51 Am. St. 203; *Snodgrass* v. *Meeks* (1895), 12 Ind. App. 70; *Smith* v. *Guild* (1852), 34 Me. 443; *Fry* v. *Morrison* (1896), 159 Ill. 244, 42 N. E. 774; *Kellar* v. *Stanley* (1887), 86 Ky. 240, 5 S. W. 477; *Matter of Peaslee* (1893), 73 Hun

113, 25 N. Y. Supp. 940; *Hainer* v. *Iowa Legion of Honor* (1889), 78 Iowa 245, 252, 43 N. W. 185; *Schley* v. *Collis* (1891), 47 Fed. 250, 13 L. R. A. 567; *Eichelberger's Estate* (1890), 135 Pa. St. 160, 19 Atl. 1006, 1014; *Taliaferro* v. *Day* (1886), 82 Va. 79; *White* v. *Brocaw* (1863), 14 Ohio St. 339; *Morrison* v. *Bowman* (1865), 29 Cal. 337; *Farmington Sav. Bank* v. *Curran* (1899), 72 Conn. 342, 44 Atl. 473; *Colvert* v. *Wood* (1894), 93 Tenn. 454, 25 S. W. 963; 1 Jarman, Wills (6th Am. ed.), 423.

Applying these well-settled principles to the facts alleged in the complaint we are constrained to hold that Jacob Biehl intentionally attempted by his will to dispose of the property in suit, which legally was beyond his testamentary power, and which upon his death passed to his surviving wife; that his widow, Mary Biehl, voluntarily accepted the beneficial provisions of said will, and thereby confirmed and ratified the will as a whole, and was equitably estopped from asserting her title to said lands. Appellant, having purchased with knowledge of the facts, is in no better position than his grantor.

It follows that there was no error in overruling appellant's demurrer to the complaint.

The judgment is affirmed.