IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1912, IN THE
NINETY-SEVENTH YEAR OF THE STATE.

### MANNING *v*. WILSON, EXECUTOR.

[No. 8,338. Filed December 19, 1912.]

1. WILLS.—*Election by Widow.—Effect.—Right to Statutory Allowance.*—Where a husband has made specific testamentary provision for his widow, more valuable or more acceptable than that which the law gives her, and has disposed of the remainder of his estate in such a manner as to evince a clear intention to limit the interest of his widow to the provision so made for her, and she elects to take under the will, she will be bound by such election and can not claim the $500 allowance provided by §2786 Burns 1908, §2269 R. S. 1881. p. 3.

2. WILLS.—*Election by Widow.—Statutory Allowance.—Intention of Testator.*—The intention of a testator, that a specific testamentary provision for his widow shall be in lieu of her rights under the statute, need not be declared in so many words, but may be deduced or implied, when the enforcement of the widow's claim under the law would be plainly inconsistent with the will. p. 4.

3. WILLS.—*Intention of Testator.—Provision for Widow.—Statutory Allowance.*—Whether a testator intended that a specific testamentary provision for his widow should be in lieu of her rights under the statute, so that an election to take under the will would deprive her of the $500 allowance provided by §2786 Burns 1908, §2269 R. S. 1881, must be gathered from the testament itself, and the fact that the estate is solvent, and that land devised to testator's children had been sold prior to the widow's action to recover such statutory allowance, cannot be considered. p. 5.

From Jay Circuit Court; *James J. Moran*, Judge.

Action by Catherine Manning against David S. Wilson, executor of the last will and testament of William Manning, deceased. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*William A. Thompson* and *R. W. Sprague,* for appellant.
*S. A. D. Whipple & Son,* for appellee.

Adams, J.—Appellant, as the widow of William Manning, brought this action against appellee, as executor of the last will of said Manning, to recover the statutory allowance of $500, provided by §2786 Burns 1908, §2269 R. S. 1881. On request, the court made a special finding of facts, and stated conclusions of law thereon. Judgment in favor of appellee on the conclusion of law.

The facts found by the court, in so far as they affect this appeal, may be summarized as follows: William Manning died testate on August 30, 1910. His last will and testament was duly admitted to probate by the Jay Circuit Court on September 5, 1910, and on said day appellee was appointed executor of said will. William Manning left surviving him, appellant, who was a childless second wife, and four children. He left an estate, consisting of real estate and personal property including certain notes. His real estate was of the probable value of $10,000. By the will of her husband, appellant was given all the household furniture, except certain items specifically bequeathed to the testator's children. She was also given certain real estate in the city of Dunkirk, on which there was a brick building. The balance of the real estate owned by decedent was devised to his four children in equal shares. The real estate so devised was subsequently sold by a commissioner, in an action for partition among said children, for the sum of $6,800. The personal property of decedent, not specifically bequeathed, consisted of twenty-one promissory notes of $10 each, and one check for $10, all of the appraised value of $188, and given for real estate sold by decedent after the execution of the will.

The court also found that $175 will be required to pay and discharge the court costs and attorneys' fees in the settlement of testator's estate.   On the facts found, the court stated, as its conclusions of law, that appellant, by electing to take under the will, and declining to take under the law, waived her right to the statutory allowance of $500; that she take nothing by her complaint, and that appellee recover his costs.

It is apparent that but one question is presented for determination:  Did appellant, under the facts found by the court, waive her right to the statutory allowance of $500, by electing to take the provision made for her by the will of her deceased husband?

It will be noted from the finding that the testator made a testamentary disposition of his entire estate, except certain notes, appraised at $188, a sum little more than the amount which the court finds will be required to pay the costs of administration.  The real estate devised by the will is found to be of the probable value of $10,000.  The part devised to testator's children sold for $6,800, and it follows that the part devised to appellant was worth approximately $3,200. This is a larger sum than she would have received by taking under the law the share of a childless second wife.

The general rule of construction prior to the decision in the case of *Langley* v. *Mayhew* (1886), 107 Ind. 198, 6 N. E. 317, 8 N. E. 157, was that a husband had no power to make a testamentary disposition of his property which the 1. law casts upon his widow, or to deprive her of her absolute allowance of $500, given by statute.   The later cases, however, have very greatly relaxed this rule, and it is now uniformly held that where the husband has made specific testamentary provision for his widow, more valuable or more acceptable than that which the law gives her, and has disposed of the remainder of his estate in such a manner as to evince a clear intention to limit the interest of his widow to the provision so made for her, and she elects to take

under the will, she will be bound by her election, and cannot be heard to claim in addition the $500 allowed by statute, when the allowance of such claim would defeat the manifest purpose of the testator. *Langley* v. *Mayhew, supra; Hurley* v. *McIver* (1889), 119 Ind. 53, 54, 21 N. E. 325; *Shipman* v. *Keys* (1891), 127 Ind. 353, 356, 26 N. E. 896; *Shafer* v. *Shafer* (1892), 129 Ind. 394, 395, 28 N. E. 867; *Boord* v. *Boord* (1904), 163 Ind. 307, 309, 71 N. E. 891; *Bowman* v. *Olrick* (1905), 165 Ind. 478, 482, 75 N. E. 820; *Young* v. *Biehl* (1906), 166 Ind. 357, 359, 77 N. E. .406; *Snodgrass* v. *Meeks* (1895), 12 Ind. App. 70, 73, 38 N. E. 833; *Whetsel* v. *Louden* (1900), 25 Ind. App. 257, 261, 57 N. E. 952.

In *Boord* v. *Boord, supra,* the court said: "While it is true that a testator has no power to deprive his widow of the $500 allowed by statute, or of any other right conferred by law, yet if, in making a testamentary disposition of all his property, he makes for her another provision more valuable, or more acceptable, which is clearly intended to be in lieu of her legal rights, and the widow accepts such provision, such acceptance is held to be a confirmation of such testamentary disposition, and a waiver of her rights under the law."

In *Bowman* v. *Olrick, supra,* the court said: "This intention of the testator need not be declared in so many words, but may be deduced or implied when the enforcement of the widow's claim under the law would be plainly inconsistent with the will."

In *Hurley* v. *McIver, supra,* the court said: "Where a husband has made specific provision for his widow, and has also disposed of all his other property in such a way as to make it apparent that the assertion by the widow of the right to take both under the law and under the will would defeat the manifest purpose of the testator, she will be confined to the provision made by the will, after she has effectually elected to take the benefits so provided."

As we have seen, appellant in this case elected to take under the will, which made more generous provision for her than that provided by law. The remainder of testator's estate was specifically devised to his children, leaving practically no part of his estate undisposed of, out of which the $500 could be made. The enforcement of appellant's claim, under the statute, would require a surrender to her by testator's children of a part of the estate devised to them, thus defeating the clear intent of the will. The fact that the estate was solvent, and that the land devised to testator's children had been sold prior to the bringing of this action, cannot be considered in determining the intention of the testator. That intention must be gathered from the testament itself.

The trial court did not err in stating its conclusion of law on the facts found.

Judgment affirmed.

Note.—Reported in 100 N. E. 106. See, also, under (1) 40 Cyc. 1987; (2) 40 Cyc. 1959, 1963; (3) 40 Cyc. 1959. As to when a widow is by a will required to elect between its benefits and her right to dower, or in the community property, see 92 Am. St. 695. On the question of the election by a widow between provisions of will and other rights, see 18 L. R. A. (N. S.) 272.