STIGLITZ *v.* MIGATZ, EXECUTOR.

[No. 9,151. Filed October 13, 1915. Rehearing denied April 5, 1916.]

WILLS.—*Provision for Widow.—Election.—Statutes.*—While a widow's acceptance of the provisions of her deceased husband's will does not in all cases preclude her from the widow's allowance of $500 as provided for by §2786 Burns 1914, §2269 R. S. 1881, it does do so where the provisions of the will are inconsistent with her claims under the statute; hence where the will of appellant's deceased husband disposed of the whole estate and showed an intent to limit appellant's interest to the provision made for her, her election to take under the will was binding and precluded her from any right to an allowance under the statute.

From Lake Superior Court; *Virgil S. Reiter*, Judge.

Action by Mildred Stiglitz against Nathan Migatz, executor of the last will and testament of William Stiglitz, deceased. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Fred Barnett* and *Lyle McKinney*, for appellant.

*Gavit & Hall* and *McMahon & Conroy* for appellee.

MORAN, J.—The question to be decided by this appeal is whether appellant as the widow of William Stiglitz is entitled to the statutory allowance of $500, in addition to the provisions made for her by the last will of her deceased husband. The lower court disallowed appellant's claim for the statutory allowance, thus holding that she was entitled only to the provisions made for her by the will of her deceased husband. The error assigned is the overruling of the motion for a new trial, under which it is insisted that the decision reached by the trial court is not sustained by sufficient evidence and is contrary to law. So much of the will as is necessary to present the question under consideration is:

"Item I. I give and bequeath to my beloved wife Millie Stiglitz all of the real estate I may die siezed of, except the real estate at No. 70 and 72 Plummer Avenue, Hammond, Indiana. Item II. I give and bequeath to my beloved sisters and brothers, viz.: Mrs. Rosa Truen, Mrs. Ricka Winter, Mrs. Hannah Pitzele, Mrs. Rosa Rosener, Mrs. Lena Cohn, Mrs. Betta Miggots, David Stiglitz, Jacob Stiglitz, Lozor Stiglitz, and Marcus Stiglitz to be divided between them share and share alike, and I also give and bequeath all my stock of general merchandise to the above

named brothers and sisters, them to pay all of the debts against it and to pay all my burial expenses and pay $100.00 to the Kanasih Jewish Society of Hammond, Indiana, and pay $20.00 to Rosa Ringer and pay to Cohan Fisher $20.00. Item III. I give and bequeath to my beloved wife Millie Stiglitz all the certificates of stock I may die siezed of, American Savings and Trust Company, Masonic Temple at Hammond, Indiana, and German Fadalia Singing Society. And I give and bequeath to my beloved wife all cash on hand or money in Bank, and all my book accounts except a note and open account due me from Miggots and Stiglitz at Whiting, Indiana, and said note and account to be paid by Miggots and Stiglitz to my beloved wife, Millie Stiglitz, one half of the same in two equal installments, and the diamonds and jewelry I have for safe keeping is to be returned to the owner Mrs. H. Pitzele, said diamonds and jewelry is now in the safety deposit vault Germ. Nat. Bank at Hammond, Indiana."

William Stiglitz at the time of his death was the owner of real estate of the value of $5,050; the value of the real estate devised to appellant was $2,850; the remainder, which the lower court in a former action construing the will found was devised to the brothers and sisters of decedent was of the value of $2,200. The appellant took possession of the real estate before the filing of her claim. The personal property left by decedent was of the value of $13,886.92 of which appellant received $1,886.92; the balance was bequeathed to the brothers and sisters of the decedent, subject to the payment of the debts against the general store and funeral expenses.

The statute, under which the claim was filed in this cause provides among other things that a widow of the deceased husband, whether he died

testate or intestate, is entitled to articles of personal property to the value of $500, or she is entitled to the same in cash; and if there is not a sufficient amount of personal property out of which to satisfy the $500, then, to that extent, the claim becomes a lien upon the real estate of the decedent, which will be liable therefor. §2786 Burns 1914, §2269 R. S. 1881. It is urged by appellant that this statute entitled the widow to $500 out of her husband's estate, as a preferred claim, which is senior to all demands against the estate, save expense of administration, last sickness and funeral expenses (*Comer* v. *Light* [1911], 175 Ind. 367, 93 N. E. 660, 94 N. E. 325), and that it is analogous to dower, and can not be defeated by the husband by testamentary provisions. *Shipman* v. *Keys* (1891), 127 Ind. 353, 26 N. E. 896; *Claypool* v. *Jaqua* (1893), 135 Ind. 499, 35 N. E. 285; *Welch* v. *Collier* (1901), 27 Ind. App. 502, 61 N. E. 757.

There is a want of harmony in the authorities as to the construction the statute under consideration should receive, and appellant's contention inferentially finds support in some of the authorities cited. However, throughout the existence of the statute which is the foundation of the widow's right in this cause, the language has been slightly varied by amendments, which, no doubt, accounts to some extent for the want of harmony in the adjudicated cases construing the same, as aforesaid. Since 1881, the statute has not been amended, and the decisions hereinafter referred to and cited are based upon actions which arose since this date. That the allowance of $500 as provided by statute for widows is of such a nature and character as is not susceptible of being defeated by any act of the husband may well be conceded as contended for by appellant. However, under

many of the decisions of this and the Supreme Court, and especially those of more recent date, it is held that the widow may by her own conduct relinquish the same by electing to take other testamentary provisions made for her.

In the case of *Langley* v. *Mayhew* (1886), 107 Ind. 198, 6 N. E. 317, 8 N. E. 157, the court in speaking of the cases that were cited in support of the doctrine that the widow was entitled to the allowance of $500, in addition to any provision made for her by will, said, "Some of the cases cited, and possibly others, have gone to an extreme limit in holding that widows were respectively entitled to receive a specific sum of money, under the law, in addition to the provisions made for them by their husbands in their wills, and, in consequence, we feel it incumbent upon the court hereafter to limit, rather than extend, the doctrine of those cases." In the case of *Manning* v. *Wilson* (1912), 52 Ind. App. 1, 100 N. E. 106, which is the last expression of this court on the question under consideration, it was held that there has been a great relaxation in the rule by the decisions handed down since *Langley* v. *Mayhew, supra,* to the effect that the widow may relinquish her right to the allowance given her by statute, by accepting specific testamentary provisions made for her. By the great weight of the adjudicated cases, it may now be stated as a general proposition of law that the acceptance by the widow to take the provisions made for her by will does not prevent her from being entitled to the allowance provided by statute; but if the provisions made by will are inconsistent with her claim to personalty given by statute, an acceptance under the will is a waiver of her claim to such personalty; that is, if the property is so disposed by will as to evince a clear in-

tention to limit the interest of the widow to the provisions so made for her, her election to take under the will will be binding, and she can not claim the additional allowance of $500, as provided by statute. *Pierce* v. *Pierce* (1898), 21 Ind. App. 184, 51 N. E. 954; *Whisnand* v. *Fee* (1898), 21 Ind. App. 270, 52 N. E. 229; *Welch* v. *Collier*, *supra*; *Manning* v. *Wilson*, *supra*; *Boord* v. *Boord* (1904), 163 Ind. 307, 71 N. E. 891; *Langley* v. *Mayhew*, *supra*; *Hurley* v. *McIver* (1889), 119 Ind. 53, 21 N. E. 325; *Shafer* v. *Shafer* (1891), 129 Ind. 394, 28 N. E. 867; *Snodgrass* v. *Meeks* (1895), 12 Ind. App. 70, 38 N. E. 833; *Whetsell* v. *Louden* (1900), 25 Ind. App. 257, 57 N. E. 952.

So, in the case at bar, we are confronted with the proposition: Does the assertion of appellant to both claims defeat the intention of the testator? In arriving at the intention of a testator, much stress is laid by many of the decisions upon the relative value of the estate provided by will and the estate a widow would be entitled to under the law. The fact, however, that the provisions made for a widow under the will are more favorable than the estate the widow would be entitled to under the law, or that the converse is true, is not of controlling influence in ascertaining whether the testator intended that the estate provided by will was in lieu of the widow's statutory rights, but it is a circumstance to be considered in arriving at the intention of the testator. We can not say in the case at bar, that the estate provided by the will, omitting the $500 as provided by statute, is equal to or of greater value than that which the law would cast upon the widow, as we are not advised as to what debts were owing by the decedent at the time of his death as against the store, nor the amount of funeral expenses, which

débts and funeral expenses were to be paid out of the property bequeathed to the brothers and sisters of the testator. The will under consideration disposed of the entire estate and made specific testamentary provisions for appellant, as the widow, free from debts and funeral expenses, as aforesaid. The allowance of appellant's claim under the statute would disturb a part of the estate that was cast upon the other beneficiaries named in the will, which fact was within the knowledge of appellant when she elected to take under the will. When the will is viewed as a whole and in the light of the authorities, the conclusion reached is that the testator's intention was that his widow should have the estate as provided in the will and no more, and that her election to take under the will is inconsistent with her claim to the statutory allowance of $500. Judgment is therefore affirmed.

NOTE.—Reported in 109 N. E. 809. As to when widow is required to elect, see 92 Am. St. 695. As to what constitutes election to take under or against a will, see 49 L. R. A. (N. S.) 1072.