No. 794.

RICHARDS, ADMINISTRATOR, v. HOLLIS.

DECEDENT'S ESTATE.—*Right of Widow to Take Both Under the Will and the Law.*—If a widow accept a bequest, she does not thereby forfeit her statutory allowance ($500), where there is nothing in the will inconsistent with the widow's right to take both the bequest and the statutory allowance.

From the Grant Circuit Court.

*J. A. Kersey,* for appellant.

*J. T. Strange* and *E. A. Huffman,* for appellee.

DAVIS, C. J.—William Hollis departed this life testate on the 15th of April, 1891, leaving appellee, who was his second wife, without children, surviving him as widow. By the terms of his will said William Hollis devised to appellee five hundred dollars out of his personal property, and also one-third of his real estate during her natural life. After making bequests of specific amounts to several of his children and grandchildren, he devised the residue of his estate, personal and real, to his children and grandchildren. Aside from the real estate, the personal estate, which came into the hands of appellant as administrator, amounted to $2,446.11. After the payment of debts and expenses, the amount remaining for distribution was $2,196.60. On the 13th of May, 1891, appellee filed her written election to take the lands devised to her, as provided in section 2505, R. S. 1881, and

also stated therein that she would accept the "property bequeathed, but in no case shall the acceptance thereof preclude my rights to the five hundred dollars provided for under section 2269 of the Revised Statutes of 1881."

The section last cited provides that "the widow of the decedent, whether he die testate or intestate," shall have five hundred dollars, either in personal property or "in cash out of the first moneys received," etc.

The court below held that the appellee was entitled to the five hundred dollars bequeathed to her in the will, and also to the five hundred dollars allowed a widow under the statute. Counsel for the administrator insist that this decision was wrong, and that having accepted the five hundred dollars devised to her under the will, she has forfeited the statutory allowance. *Shafer* v. *Shafer, Exec.*, 129 Ind. 394. In this case, it should be borne in mind, that under the law appellee would have taken one-third of the real estate for life, also the five hundred dollars statutory allowance, and also one-third of the residue of the personal estate after the payment of such allowance, debts, and expenses. Section 2487, R. S. 1881.

The general rule is that when it clearly appears from the will, either by express statement or otherwise, that the provisions therein made for the wife are intended to be in lieu of that made by the law, she must elect between the will and the law, and can not have the provision made by both, but this rule should not have an unreasonable, arbitrary, and technical construction against the widow.

The cases in which the general rule has been applied are not in all respects harmonious. The difficulty lies in determining whether a given state of facts and circumstances bring each particular case within the rule.

As to the personal estate, there was then no statute in force requiring a widow to elect whether she would ac-

Richards, Administrator, *v.* Hollis.

cept the provision made for her in the will, or claim her rights under the law, and if the acceptance of the five hundred dollars given appellee under the will is held to bar her right to receive the statutory allowance, such result must be deduced from the principles of equity, and because of such manifest repugnancy between that right and the will that they could not possibly stand together.

In this case the husband, by the will, did make provisions for his widow, but he did not in terms declare that such provisions should be in lieu of her rights under the law. The testator then made specific provision for his children and grandchildren, in the way of particular bequests for them for different amounts, and concluded by making a general disposition of all the residue of his property to his children and grandchildren.

The circumstances under which this will was made, and the principles which should control the rights of the parties, are, it seems to us, correctly enunciated in *Shipman* v. *Keys, Admr.*, 127 Ind. 353, and we quote, as applicable to the question under consideration, the language of Judge McBRIDE, as follows:

"A general disposition of all the residue of his property by residuary devise or bequest, not purporting to be in lieu of such absolute claim, is not enough, however, to compel an election. Such devise or bequest will be construed as made in view of her absolute statutory rights, and subject thereto, and only operates on the residue after the payment of debts and expenses of administration, and the satisfaction of specific devises, legacies and rights. There is nothing in the will in this case inconsistent with the widow's claim to take both the statutory allowance of five hundred dollars and the provision made for her by the will."

Judgment affirmed, at costs of appellant.

Filed Nov. 28, 1893.