PIERCE, EXECUTOR, *v.* PIERCE, ADMINISTRATOR.

[No. 2,674.   Filed November 22, 1898.]

WILLS.—*Widow.*—*Election.*—*Statutory Allowance.*—A widow is entitled to her statutory allowance of five hundred dollars in addition to the provision made for her by her husband's will, unless it clearly appears from the context of the will that the provision made therein is in lieu of her rights.

From the Montgomery Circuit Court.   *Affirmed.*

*Ristine & Ristine,* for appellant.

*James Wright* and *J. M. Seller,* for appellees.

HENLEY, C. J.—It appears from the record in this cause that one James B. Pierce died testate in Montgomery county, Indiana, the owner in fee of real estate in said county of the value of $4,930, and personal estate of the value of $542.79, all of which was disposed of by his will. Appellee was named in said will as the executor, the said will was duly probated, and appellee qualified as such executor. Afterwards, and on the 25th day of January, 1897, Rhoda A. Pierce, the widow of said James B. Pierce, died intestate, and the said Delbert W. Pierce was appointed administrator of her said estate. After the death of said James B. Pierce, and during the lifetime of his

said widow, appellant, as executor of the will of said James B. Pierce, paid to his said widow the sum of $121.54, as part payment of her statutory allowance of $500. This action was begun by the administrator of said widow, Rhoda A. Pierce, against the estate of her deceased husband, to recover the balance due said widow on the $500 allowed by statute. The said claim was filed in regular form in the office of the clerk of the circuit court, and was transferred to the issue docket for trial. Appellant answered in two paragraphs. The first paragraph is based entirely upon the provisions of the will of James B. Pierce, deceased; it being contended by appellant that the devises in said will to appellee's intestate were intended to be, and were, in lieu of her statutory allowance. The will of James B. Pierce is set out in full in the answer. The second paragraph of answer was a general denial. The lower court sustained a demurrer to the first paragraph of answer. There was a trial and finding for appellee. The ruling of the lower court in sustaining appellee's demurrer to appellant's first paragraph of answer is the only question raised by the assignment of errors.

That item of the will of James B. Pierce which made provision for his wife, and which covers all the bequests to her, was as follows: "I give and devise to my wife, Rhoda A. Pierce, for and during her natural lifetime, the following described real estate, situate in said county and state, viz. (describing the land), containing —— acres, to have and to hold the same to the said Rhoda A. Pierce for and during her natural lifetime; and upon the decease of the said Rhoda A. Pierce the land so devised to her shall revert, and become the property of my children and heirs at law." The widow, in her lifetime, accepted the provisions of the will. This court has said in the

case of *Richards* v. *Hollis*, 8 Ind. App. 353, that, "the general rule is that when it clearly appears from the will, either by express statement or otherwise, that the provisions therein made for the wife are intended to be in lieu of that made by the law, she must elect between the will and the law, and cannot have the provision made by both; but this rule should not have an unreasonable, arbitrary and technical construction against the widow." *Snodgrass* v. *Meeks*, 12 Ind. App. 70; *Shipman* v. *Keys, Adm.*, 127 Ind. 353; *Claypool* v. *Jaques*, 135 Ind. 499. In this case the husband did make provision in his will for his widow, but he did not in terms declare that such provision should be in lieu of her rights under the law, and there is nothing in the will in this case inconsistent with the widow's claim to take both the statutory allowance of five hundred dollars and the provision made for her in the will. We find no error in the record. Judgment affirmed.