WELCH, ADMINISTRATOR, *v.* COLLIER, ADMINISTRATOR.

[No. 3,669.   Filed October 29, 1901.]

DESCENT AND DISTRIBUTION.—*Wills.*—*Husband and Wife.*—*Widow's Statutory Allowance.*—Where a husband by his will gave all of his real estate and personal property to his wife during her life, and she took and kept possession of the property during her life, a period of about three years, without admitting the will to probate, and without claiming her statutory allowance of $500, her administrator may prosecute a claim against the husband's estate for such claim, it not appearing from the terms of the will that the provisions made therein were intended to be in lieu of her statutory rights.

From Marion Circuit Court; *H. C. Allen,* Judge.

Action by Joseph Collier, administrator of the estate of Catherine Whellehan, deceased, against John R. Welch, administrator of the estate of Daniel Whellehan, deceased, for the deceased widow's statutory allowance. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*E. B. Raub,* for appellant.
*J. H. Kingsbury* and *J. Collier,* for appellee.

WILEY, P. J.—Appellee, as administrator of the estate of Catherine Whellehan, filed a claim against the estate of Daniel Whellehan, represented by the appellant, John R. Welch. Said claim embraced three items: (1) For $500 as the statutory allowance in favor of Catherine Whellehan against the estate of her husband; (2) $89.10 as cash advanced for funeral expenses, and (3) $22.40 interest. The

appellant did not file any answer, and the cause was tried upon the claim as filed, and upon proper request the court made a special finding of facts and stated its conclusions of law thereon.

Briefly stated, the facts specially found are as follows: That Joseph Collier is the administrator of the estate of Catherine Whellehan; that said Daniel left him surviving his widow, Catherine, a childless second wife, and a daughter by a former marriage; that Catherine died, intestate, in April, 1900; that Daniel died, testate, July 7, 1887; that after the death of Daniel his widow did not remarry, and died leaving expenses of last illness and funeral expenses unpaid; that Daniel disposed of all of his property by will; that Catherine, under said will, took and kept possession of all of his property after his death until her death; that after the death of Daniel, Catherine had possession of his will, but the same was not probated until after her death; that the real estate of which Daniel died seized was of the value of $1,200, and his personal property, consisting of household goods of the value of $5; that Catherine, after his death, lived on his real estate and used said household goods; that the estate of said Daniel is solvent; that during the life of Catherine she did not receive the $500 allowed to her by statute as the widow of Daniel, nor since her death has any part of said allowance been paid to her representatives; that the personal estate of Daniel is insufficient to pay the expenses of administration of his estate; that the last will of Daniel was admitted to probate August 4, 1900; that, by said will, he directed the payment of all his debts; that by said will he devised to his widow, Catherine, all his personal property, and gave to her all his real estate during her natural life, with a remainder over to his daughter upon her death.

Upon the foregoing facts the court stated its conclusion of law, that the appellee, as administrator of the estate of Catherine Whellehan, deceased, was entitled to recover from

the appellant $500 as the statutory allowance, and costs. At the proper time appellant excepted to the conclusion of law, and the only question raised by the assignment of errors is the correctness of such conclusion.

The question here for decision, narrowed to its legitimate boundary, is simply this: Under the facts disclosed by the special findings, is appellee, as the representative of Catherine Whellehan, deceased, entitled to prosecute against and receive from the estate of Daniel Whellehan, her deceased husband, the $500 statutory allowance given to a widow, no part of which came into her hands during her life?

Many cases have arisen in this jurisdiction, involving the right of a widow to such statutory allowance, where her deceased husband has made testamentary disposition of his property, and the settled rule is that though she may elect to take under the will, she is nevertheless entitled to the additional statutory allowances, unless it appears from the will that it was the manifest intention of the testator that the provision made for her by the will was intended to be in lieu of her statutory rights. *Whisnand* v. *Fee,* 21 Ind. App. 270, and authorities there cited; *Pierce* v. *Pierce,* 21 Ind. App. 184.

The statute (§2666 Burns 1901) provides that the widow shall take under the will of her husband unless she elects whether she will take the lands as devised, or whether she will retain the right to the one-third of the land, and such election must be made within one year after the will has been probated. In this instance the will of the husband was not probated until after the death of the widow, and hence she could not have made an election.

A reference here to another statute may be instructive and useful. Section 2424 Burns 1901 provides that a widow of a decedent, whether he die testate or intestate, may select out of his personal estate articles of the value of $500. Also that if the widow fails or refuses to make such selection, she

shall be entitled to the amount in cash, to be paid out of the first moneys received in excess of the amount necessary to pay the expenses of administration, etc. Also, if the estate be solvent, she will be entitled to such payment out of the first moneys received. Further, if the personal estate be insufficient to pay the amount that may be due the widow, in cash, the deficit, if any, shall constitute a lien upon the real estate of decedent liable to sale for payment of debts, and such lien may be enforced, upon the petition of the executor or administrator.

Such right of the widow to this allowance is a preferred claim. *Claypool* v. *Jaqua,* 135 Ind. 499. A widow's claim to the statutory allowance of $500 is not an interest in the estate of her husband, but is a preferred claim. *Claypool* v. *Jaqua, supra.*

It has been held that the widow's right to this allowance is in some of its incidents analogous to the right of dower. The husband can not by any act deprive her of it against her will, and she may take it, and in addition take that which the will gives. *Shipman* v. *Keys,* 127 Ind. 353, 356.

If a widow die before she makes her claim for the $500 allowance under the statute, such claim goes to her personal representatives. *Bratney* v. *Curry,* 33 Ind. 399. In that case it was argued on behalf of appellant that the allowance made to a widow by statute was purely personal, and as she did not make her selection during her life, it did not pass to her personal representatives. The Supreme Court, however, did not adopt this view, but held to the contrary, and based its holding upon the theory that such right of the widow is as full as the right of any distributee to the assets remaining for distribution after an estate has been settled. Such right gives to the widow the means of decent burial should she die before the amount comes to her hands. *Bratney* v. *Curry, supra.*

The right of an administrator of the estate of a deceased widow to file a claim against the estate of her deceased hus-

band, to recover the statutory allowance, is affirmed by the case of *Pierce* v. *Pierce*, 21 Ind. App. 184.

It is clear, therefore, from these authorities, that Catherine Whellehan, as the widow of Daniel Whellehan, had a just claim against her husband's estate for $500, unless such claim is barred by the provisions of the will of said Daniel. From the context of the will it does not clearly appear that Daniel Whellehan did not intend that the provision made for his widow by his will should be in lieu of her statutory rights.     On the other hand, a contrary intention seems manifest.     The personal property devised to the widow was of the insignificant value of $5, and to this she only had a life estate.     She was, to say the least, entitled to a sufficient sum out of her husband's estate to assure to her a decent burial.     This she did not get, and it is shown by the special findings that she died "leaving the expense of her last sickness and her funeral expenses unpaid."

It is the uniform rule in this State that the statute giving to the widow the right to claim $500 as an allowance out of her husband's estate requires a liberal, rather than a narrow, interpretation, in order to accomplish the intention of the legislature in enacting it.     *Whisnand* v. *Fee,* 21 Ind. App. 270, and authorities there cited.     A different interpretation of the statute, as applied to the facts in this case, under the provisions of the will, would indeed be narrow, and defeat the very purpose of the statute.

The conclusion of law upon the special findings was eminently correct.

Judgment affirmed.