BARKER *v.* BARKER

[No. 17,405. Filed November 13, 1945.]

266

*Harker & Irwin,* of Frankfort, and *Clyde E. Retherford,* of Muncie, for appellant.

*Gruber & Morrison,* of Frankfort, for appellee.

DRAPER, J.—This case was presented to the trial court by stipulated facts which, so far as they are pertinent, are as follows:   William H. Scott executed his will in 1935.   He died December 25, 1943, leaving as his only heirs his widow, Sarah, and his grandson.   By Item II of the Will he devised and bequeathed all his estate, both real and personal, to his wife for and during her

lifetime. By Item III he devised to his grandson, upon the death of his wife, household goods to be selected by the grandson of a value not to exceed $25 and further provided that in case his wife died prior to his own death, then the grandson should select and take the $25 worth of goods at the death of the testator. By Item IV he gave the residue and remainder of his estate, subject to the life estate provided for his wife, and subject to the $25 worth of goods bequeathed to the grandson, to one Paul Barker, and further provided that in case his wife died prior to his own death, all of said personal property, except that given to the grandson, should become the property of said Barker. At the time of his death the testator owned personal property, but had no devisable real estate. Paul Barker died in 1941 and Sarah died intestate on January 12, 1944. She did not at any time prior to her death make any election to take otherwise than by the will.

The question presented is whether, under these facts, the administratrix of the widow's estate is entitled to the widow's statutory allowance of $500, under § 6-711, Burns' 1933. If the widow was entitled to it, her administratrix is entitled to it. *Snodgrass, Admr.* v. *Meeks, Admr.* (1895), 12 Ind. App. 70, 38 N. E. 833. The trial court found that she was, and accordingly rendered judgment in favor of the appellee, her administratrix. It should be noted that the Will did not expressly declare its provisions for the benefit of the widow to be exclusive.

The widow, having made no election to take under the law in accordance with § 6-2334, Burns' 1943 (Supp.), is conclusively presumed to have accepted the provisions made for her in the Will. *Easterday* v. *Easterday* (1938), 105 Ind. App. 80, 10 N. E. (2d) 764. It is conceded that such ac-

ceptance does not of itself disentitle her to the statutory allowance in addition to the benefits provided for in the Will. The appellant insists, however, that the provisions of the Will itself are inconsistent with her claim to the statutory allowance; that is, that all of the testator's property was so disposed of by the Will as to evince a clear intention on his part to limit the widow's interest in the estate to the provisions made for her in the Will, and that she must, therefore, by her election, be considered to have waived the additional allowance.

A careful reading of our many cases on the subject reveals that the rule contended for by the appellant is inaccurate, in that it is incomplete, for the cases which deny the widow the statutory allowance are based upon the proposition that it must be denied when the allowance would defeat the purpose and intention of the testator. Applying the rule, our courts have steadfastly refused to permit a widow to take under the Will and also take her statutory allowance when it would be impossible to find assets for the payment of the allowance except by using for that purpose property specifically devised or bequeathed to others, and *when to use such property for that purpose would defeat the intention of the testator by destroying or diminishing the benefits intended for that other.*

To justify the refusal of the allowance, then, it must appear that the assertion of the widow's right to the statutory allowance would itself, in fact, operate as the defeating agent. This principal has repeatedly been recognized in our cases. For example, in *Whetsell, Admr.* v. *Louden, Admr.* (1900), 25 Ind. App. 257, 57 N. E. 952, it is said: *"If to take both under the law and under the will would so derange the disposition of property made by the will as to defeat the intention of the testator . . . she could not take both."*

(Our italics.) Again, in *Boord* v. *Boord* (1904), 163 Ind. 307, 71 N. E. 891, the court says: "It may be said to be the settled rule in this State that where a husband has made a specific testamentary provision for his widow, and disposed of the remainder of his property to others, the widow will not be permitted to take both under the will and under the law *when such a taking will have the effect of defeating the manifest purpose of the testator*." (Our italics.) Similar expressions will be found in all of the well considered cases.

Such is not the case here. The testator's intention would not be defeated by the payment of the allowance. It was defeated, insofar as the remainder is concerned, by the death of Paul Barker. That circumstance, over which neither the testator nor his wife had any control, caused the testator to die intestate as to almost his entire estate, which estate was ample for the payment of the allowance without actually disturbing the rights of any other person under the Will.

It is true, as said in *Manning* v. *Wilson, Exr.* (1912), 52 Ind. App. 1, 100 N. E. 106, that the testator's intention must be gathered from the Will itself, but whether the payment of the allowance would operate to defeat the intention so manifested must be determined from the facts as they exist at the time of the testator's death. The widow may take the allowance if the taking will not itself operate to defeat the testator's purpose and intention as expressly declared or clearly manifested by the Will.

Under the statute the widow is permitted to select specific articles of personal property to the value of $500, and the appellant insists that the provision in the Will giving the grandson the right to select property up to $25 in value, clearly indicates he did not intend his widow to have the statu-

tory allowance, because by the Will he created a right in the grandson which conflicted with the widow's right under the law. We see no conflict. The testator was possessed of ample property. Under the law her right to select came upon the death of the testator. Under the Will his right to select came upon the death of the widow. Her right came first. His was the right to select upon her death, from among the articles not taken by her under the statute.

The appellant further contends that where the payment of the allowance would require the application of property in which the widow is given a life estate, it will be denied, and to support that proposition he relies on *Bowman* v. *Olrick* (1905), 165 Ind. 478, 75 N. E. 820. In that case the testator left no personal estate. He left his widow a life estate in the homestead with remainder over to others. He left other real estate of inconsequential value. The court there said that the enforcement of her statutory claim would have necessitated a sale of the homestead, thus depriving her of that comfortable provision which her husband intended she should enjoy, and *would have defeated the devise over to the testator's only daughter and thus in great measure, if not wholly, overthrown the plain intent of the Will.* (Our italics.) In this case the enforcement of the allowance would not deprive any other of his inheritance, nor would the absolute taking of personal property in which she had a life interest deprive her of its use.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 63 N. E. (2d) 429.