In re the Matter of the ESTATE OF Eltha Carter RINGEL, Deceased, Travis J. Carter and Thomas R. Haley, Co-Executors.

No. 1–181A34.

Court of Appeals of Indiana, First District.

Oct. 5, 1981.

Rehearing Denied Nov. 9, 1981.

Richard H. Montgomery, Steven K. Robison, Montgomery, Elsner & Pardieck, Seymour, for appellant.

Thomas R. Haley, Haley & Farrow, Seymour, for appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Adolph Ringel (Ringel) appeals from the judgment of the Jackson Circuit Court denying his objection to the final accounting and proposed distribution of his deceased wife's estate. We reverse.

## STATEMENT OF THE FACTS

Ringel is the surviving childless second spouse of Eltha Carter Ringel who died testate on June 29, 1978. Eltha's will, which was executed on September 1, 1971, provided in part:

"I, Eltha Carter Ringel, of Seymour, Indiana, being of sound mind and disposing memory, do make, publish and declare this to be my Last Will and Testament, hereby revoking all former wills by me made.

ITEM I. It is my will that all of my just debts, funeral and burial expenses shall be first paid.

ITEM II. I hereby give and bequeath to my husband, Adolph E. Ringel, all of my right, title and interest in and to any automobile that I own at the time of my death.

ITEM III. I hereby give and bequeath to my husband, Adolph E. Ringel, my diamond rings and all items of household goods at my residence at 635 North Chestnut Street, Seymour, Indiana, including, but not limited to, the household furniture, dishes, cooking utensils, rugs, and all other household items of every kind and description.

ITEM IV. I hereby give and bequeath to my husband, Adolph E. Ringel, the right to occupy, rent free, my residence

at 635 North Chestnut Street, Seymour, Indiana, for a period of ninety days after my death.

ITEM V. I hereby, give, devise and bequeath to my husband, Adolph E. Ringel, the following described real estate situate in Jackson County, Indiana:

Lot Four (4), Block F in Shields Addition to the City of Seymour, being my property at 405 Mill Street, Seymour, Indiana.

ITEM VI. I give and bequeath to my seven grandchildren, namely: Connie Lou Carter Kring, James J. Carter, Tom V. Carter, Janet Marie Carter, Robert Carter, Carol Ann Carter and John Carter, the sum of Two Thousand Dollars ($2,000.00) each, subject to the following provisions:

\*  \*  \*  \*  \*  \*  \*

ITEM VII. All of the rest, residue, and remainder of my property, both real and personal, of every kind, character and description and wherever situate, I hereby give, devise and bequeath to my son, Travis J. Carter, if living, otherwise to his descendants per stirpes.

ITEM VIII. I hereby nominate and appoint my son, Travis J. Carter, to be the executor of this my Last Will and Testament and I request that he be permitted to serve as such executor without bond. I grant to the executor the power to sell any of my property, real or personal, without notice or court order and on such terms and conditions as he in his sole discretion deems to be in the best interests of my estate. In the event my son is unable or unwilling to serve as such executor, then I nominate and appoint The Seymour National Bank, of Seymour, Indiana, to be the executor in his place and stead and with the same powers and duties as granted to the first named executor."

Ringel filed objections to the final accounting and proposed distribution of Eltha's estate, stating that he was entitled to the $8,500.00 spouse's allowance provided by Ind.Code 29–1–4–1. The trial court denied Ringel's objection finding Ringel's election to take under the will to be a waiver of his right to the survivor's allowance in accordance with Ind.Code 29–1–3–7 (Supp.1977).

### ISSUE

The sole issue raised for our consideration is whether the trial court erroneously denied Ringel the survivor's allowance.

### DISCUSSION AND DECISION

Ringel contends he is entitled to the survivor's allowance pursuant to Ind.Code 29–1–4–1, which states:

"The surviving spouse of a decedent who was domiciled in Indiana at his death is entitled from the estate to an allowance of eight thousand five hundred dollars [$8,500] in personal property. If there is no surviving spouse, the decedent's children who are under eighteen [18] years of age at the time of the decedent's death are entitled to the same allowance to be divided equally among them. If there is less than eight thousand five hundred dollars [$8,500] in personal property in the estate, the spouse or decedent's children who are under eighteen [18] years of age at the time of the decedent's death, as the case may be, are entitled to any real estate of the estate to the extent necessary to make up the difference between the value of the personal property and eight thousand five hundred dollars [$8,500]. The amount of that difference is a lien on the real estate. An allowance under this section is not chargeable against the distributive shares of either the surviving spouse or the children."

Further, he states that his right to this allowance is not waived by his taking under the will as provided in Ind.Code 29–1–3–7 (Supp.1977):

"When a surviving spouse makes no election to take against the will, he shall receive the benefit of all provisions in his favor in the will, if any, and shall share as heir, in accordance with IC 29–1–2–1 and IC 29–1–2–2, in any estate undisposed of by the will. The surviving

spouse is not entitled to take any share against the will by virtue of the fact that the testator made no provisions for him therein, except as he shall elect pursuant to I.C. 29–1. By taking under the will or consenting thereto, he does not waive his right to the allowance, unless it clearly appears from the will that the provision therein made for him was intended to be in lieu of that right."

The appellees acknowledge the right to a survivor's allowance when the surviving spouse takes under the will. However, they argue that in the present case the provisions of the will which provide for Ringel are intended to be in lieu of his right to the survivor's allowance for two reasons. First, appellees state the detailed dispositions for Ringel contained in the will evince an intention by Eltha that she had given her husband everything she intended to give him. Second, they contend since the payment of the survivor's allowance of $8,500 would require the sale of some real estate devised to the residuary beneficiary, the payment of the allowance would defeat the intention of the testatrix.

The issue of whether explicit provisions for a surviving spouse contained in a will evince the intention that the provisions are to be in lieu of the surviving spouse's allowance under the provisions of IC 29–1–3–7 (Supp.1977) or its predecessor, Acts 1953, ch. 112, § 307, p. 295,[1] has not been decided in Indiana. However, this issue was decided by our supreme court and this court with regard to the widow's allowance which was first given in Indiana in 1871. At the time the widow's allowance was first enacted in 1871, no statutory section similar to Acts 1953, ch. 112, § 307, p. 295, which pertains to the waiver of this allowance, was in existence. Nevertheless, our supreme court and this court held that if it clearly appeared from the will, either by express statement or otherwise, that the testator intended the provision therein to be in lieu of the widow's statutory rights, then the widow waived her statutory rights by taking under the will. *Shipman v. Keys, Adm.,* (1891) 127 Ind. 353, 26 N.E. 896; *Whisnand v. Fee, Ex.,* (1898) 21 Ind.App. 270, 52 N.E. 229; *Pierce, Ex. v. Pierce, Adm.,* (1898) 21 Ind.App. 184, 51 N.E. 954; *Richards, Adm. v. Hollis,* (1893) 8 Ind.App. 353, 35 N.E. 572. When confronted with a case in which the husband had made provisions in his will for his widow, this court nonetheless held that the widow had not waived her right to the widow's allowance by taking under the will because he did not declare that such provisions were intended to be in lieu of the allowance. *See Whisnand v. Fee, Ex., supra; Richards, Adm. v. Hollis, supra.* Similarly, the Kansas Supreme Court has found that the mere fact provisions are made in a will for a surviving spouse is not sufficient in itself to show the decedent intended those provisions to be in lieu of the statutory allowance found in Kan.Stat. § 59–403.[2] *See In re Morrison's Estate,* (1962) 189 Kan. 704, 371 P.2d 171; *In re Place's Estate,* (1949) 166 Kan. 528, 203 P.2d 132.

We find these cases to be persuasive in light of the fact that IC 29–1–3–7 (Supp. 1977) requires that "it clearly appears from the will that the provision therein made for him was intended to be in lieu of that right." The provisions contained in Eltha's

---

1. Acts 1953, ch. 112, § 307, p. 295 provides in part:

   "By taking under the will or consenting thereto, he shall not thereby waive the rights of homestead, or to a widow's or family allowance, unless it clearly appears from the will that the provision therein made for him was intended to be in lieu of such rights."

   This section was read in conjunction with the statutory provision for a widow's allowance contained in Acts 1953, ch. 112, § 402, p. 295, which was the predecessor of the surviving spouse's allowance contained in IC 29–1–4–2.

2. Kan.Stat. § 59–403 provides for a statutory allowance to the surviving spouse and minor children. The effect that an election to take under the will made by a surviving spouse has upon this allowance is found in Kan.Stat. 59–404, which is similar to IC 29–1–3–7 (Supp. 1977). Kan.Stat. 59–404 provides:

   "The surviving spouse, by electing to take under the will of the decedent or by consenting thereto, does not waive the homestead right nor the right to such allowance, unless it clearly appears from the will that the provision therein made for such spouse was intended to be in lieu of such rights."

will do not clearly manifest such an intention.

Appellees, however, contend the intention of the testatrix should be determined not only from the terms of the will, but also from the facts as they existed at the time of the testatrix's death and cites us to *Barker v. Barker*, (1945) 116 Ind.App. 265, 63 N.E.2d 429. We disagree.

■ *Barker* and its progeny set out two situations in which the widow's allowance would be denied. In the first situation, the allowance would be denied when the testator's intention that the provisions of the will were to be in lieu of the statutory allowance clearly appeared *from the terms of the will*. In the second situation, an equitable rule was invoked to deny the widow's allowance when the payment of the allowance would defeat the intention of the testator. Such an occurrence would arise when all of the assets of the estate were specifically devised and paying the widow's allowance would require the use of that specifically devised property. *See Shipman v. Keys, Adm., supra; Barker v. Barker, supra.* It was when that rule was invoked that the court examined the facts as they existed at the time of the testator's death to determine whether payment of the allowance would defeat the intention of the testator. As stated by this court in *Barker v. Barker*, 116 Ind.App. at 270, 63 N.E.2d at 431:

> "It is true, as said in *Manning v. Wilson, Exr.* (1912), 52 Ind.App. 1, 100 N.E. 106, that the testator's intention must be gathered from the Will itself, but whether the payment of the allowance would operate to defeat the intention so manifested must be determined from the facts as they exist at the time of the testator's death."

Thus whether the testator intended for the provisions of the will to be in lieu of the allowance must be determined by the terms of the will. As we have discussed above, the terms of Eltha's will clearly do not indicate that the provisions of the will were to be in lieu of Ringel's statutory allowance.

Appellees contend also that the surviving spouse's allowance should not be allowed in this case because to do so would defeat the intention of the testatrix since it would require the sale of some real estate devised to the residuary beneficiary. It is true that when payment of the widow's allowance was inconsistent with the provisions of the will, *i. e.*, when the only assets available for payment of the allowance are those specifically devised or bequeathed to others and to use such property would defeat the intention of the testator by destroying the benefits intended for those others, the courts have held the widow may not take under the will and claim the widow's allowance, *Shipman v. Key, Adm., supra; Barker v. Barker, supra*, because the terms of the will manifest an implied intention that the widow was not to receive the allowance and the provisions in the will. However, such an implied intention was not found when there existed a general disposition of all the residue of the testator's property by residuary devise or bequest, not purporting to be in lieu of the widow's allowance. *Shipman v. Keys, Adm., supra; Richard, Adm. v. Hollis, supra.* Instead, such a residuary devise or bequest was construed as being subject to the statutory allowance. *Shipman v. Keys, Adm., supra; Richards, Adm. v. Hollis, supra.*

■ In the present case, the devised real estate which would have to be sold to pay the widow's allowance was contained in a general disposition of all the residue of the testatrix's property. Thus, the payment of the widow's allowance would not defeat the intention of the testator.

■ Since it does not clearly appear from the will that the provisions provided therein were made for Ringel in lieu of his statutory right to a surviving spouse's allowance, the trial court erred in denying Ringel's objection to the final accounting.

Judgment reversed.

NEAL, P. J., and YOUNG, J. (by designation), concur.