In the Matter of the ESTATE OF
Myrtle GRAY, Deceased.

Anna GRAY, Appellee
(Petitioner Below),

v.

Laymon GRAY, Personal Representative
and Distributee, Appellant
(Respondent Below),

and

Pauline McKay, Distributee, Lorraine S. Martin, Distributee, Lester Gray, Distributee, Geneva Nelson, Distributee, Leonard Gray, Distributee, Gy Sgt S.C. Gray, Distributee, Wavey Goodman, Distributee, Estate of Earvin Gray, Distributee.

No. 91A04–8608–CV–259.

Court of Appeals of Indiana,
Fourth District.

March 30, 1987.

Rehearing Denied April 30, 1987.

Jerry D. Altman, Monticello, for appellant.

Ann G. Davis, Lafayette, for appellee.

CONOVER, Presiding Judge.

Defendant-Appellant Layman Gray, personal representative and a distributee of the estate of Myrtle Gray, (Layman) appeals the trial court's summary judgment in favor of Anna Gray (Anna) allowing an $8,500 survivor's allowance from the estate of Myrtle Gray (Myrtle) in favor of the estate of Earvin Gray (Earvin).

ISSUES

Layman presents five issues for our review. Restated they are

1. whether Anna is an interested party to file a petition to determine heirship of her deceased husband's former wife;

2. whether the heirs were given proper notice of the probate proceeding;

3. whether Earvin elected the survivor's allowance;

4. whether a claim for funeral expenses is barred if not claimed within five months

after decedent's death or if decedent's estate is not administrated within one year after decedent's death;

5. whether Earvin owed rent for living in the marital residence after Myrtle's death; and

Anna presents one issue for our review. It is

whether Anna should be awarded attorney fees for this appeal.

FACTS

Myrtle and Earvin were married in 1915. Myrtle died September 4, 1982. Seven children were born of the marriage, six survive. On August 15, 1984, Earvin married Anna. He died two months later on October 4. No administration of Myrtle's estate was initiated until October 12, 1984. Its petition for issuance of letters of administration did not list Earvin as a distributee. On February 6, 1985, Anna filed her petition for statutory allowance in Earvin's estate, which was granted by the court the same day. Anna later filed a verified petition to determine heirship in Myrtle's estate and an objection to the payment of Myrtle's funeral expenses on April 15, 1985. She claimed Earvin was entitled to an $8,500 survivorship allowance under IND.CODE 29-1-4-1, and Myrtle's funeral expenses should not have been paid from her estate because its administration had not been opened within one year of Myrtle's death.

Anna filed a petition for attorney fees on January 21, 1986, and a motion for summary judgment on February 11, 1986. Her summary judgment motion was granted on March 26, 1986, but the court did not award her attorney fees. From this summary judgment, Layman appeals.

DISCUSSION AND DECISION

I. *Standard of Review*

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Creighton v. Caylor-Nickel Hospital, Inc.*

(1985), Ind.App., 484 N.E.2d 1303, 1305–1306. The burden is upon the moving party in a summary judgment motion to establish the lack of genuine issues of material fact. *Ancich v. Mobil Oil Corp.* (1981), Ind.App., 422 N.E.2d 1320, 1322.

When reviewing the grant of a motion for summary judgment, we stand in the shoes of the trial court. *Lafary v. Lafary* (1985), Ind.App., 476 N.E.2d 155, 158. We must liberally construe all evidence in favor of the nonmovant and resolve any doubts as to the existence of a genuine issue against the proponent of the motion. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, 729. Even if the facts are not in dispute, summary judgment is not appropriate if conflicting inferences arise from the facts. *Board of Aviation Commissioners of St. Joseph County v. Hestor* (1985), Ind.App., 473 N.E.2d 151, 153.

Summary judgment may not be used as a substitute for trial to resolve factual disputes. Even if the trial court believes the nonmoving party will not be successful at trial, summary judgment should not be entered where material facts conflict or conflicting inferences are possible from undisputed facts. *Grimm v. Borkholder* (1983), Ind.App., 454 N.E.2d 84, 86.

II. *Interested Party*

First, Layman asserts Anna is not an interested party in the proceeding to determine Myrtle's heirship. We disagree.

Anna petitioned the court under IND. CODE 29-1-6-6. It reads in pertinent part,

Sec. 6. (a) At any time during the administration of a decedent's estate, the personal representative or *any interested person* may petition the court to determine the heirs of said decedent and their respective interests in the estate or any part thereof. Upon the filing of the petition the court shall fix the time for the hearing thereof, notice of which shall be given to all persons known or believed to claim or have any interest in the estate or any part thereof as heir or through an heir of the decedent. In addi-

tion, notice by publication shall be given to all unknown heirs of the decedent. (Emphasis supplied).

Layman claims Anna is not an interested person. Interested person is defined in IC 29-1-1-3,

"Interested persons" means heirs, devisees, spouses, creditors or any others having a property right in or claim against the estate of a decedent being administered. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved.

Under this definition, Anna is an interested person having a property right or claim against the estate which she derived from her late husband Earvin.

### III. *Notification*

■ Layman contends the heirs were not properly notified of the heirship hearing because they did not receive notice thereof mailed by the clerk of the court. We disagree.

The applicable statute is IC 29-1-1-12, which states in part

Sec. 12. Unless waived and except as otherwise provided by law, all notices required by this code to be served upon any person shall be served as the court shall direct by rule or in a particular case, either:

. . . . .

(c) By registered mail, requesting a return receipt, addressed to such person located in the United States, at his address stated in the petition for the hearing, to be posted by depositing in any United States post office in this state at least fourteen (14) days prior to the date set for hearing in said notice;

. . . . .

In all cases where service by publication is ordered but personal service or service by registered mail is not ordered, all persons directed by the provisions of this code, or by order of the court, to be notified, whose names and addresses are known or can by reasonable diligence be ascertained by the party charged with the duty of giving such notice, shall in addition to such published notice be served by a written notice by United States mail, at least fourteen (14) days prior to the date set for hearing in said notice.

The personal representative or party charged with the duty of giving said notice shall furnish the clerk with sufficient copies of said notice, prepared for mailing, and the clerk shall mail the same.

Here, Anna notified the heirs by registered mail and submitted proof of service to the court.[1] Nothing more is required because publication was not ordered here.

■ Furthermore, Layman failed to object to the court's jurisdiction due to lack of notice at time of trial. Thus, he has waived any error in this regard. *In re Sutherland*, (1965), 246 Ind. 234, 204 N.E.2d 520.

Layman also claims distributee "G.Y."[2] Sgt. S.C. Gray was not properly notified of the hearing and therefore the judgment is void for want of jurisdiction. He cites IC 29-1-1-12, IC 29-1-1-20 and 50 U.S.C.A. App. § 520 in support of his argument, but fails to support his citations.

IC 29-1-1-12 and IC 29-1-1-20 are inapplicable to the dispute before the trial court. The first pertains to the notice provisions already discussed. It does not speak as to persons in the military or to persons living outside the United States as Layman claims. The second deals with incompetent or unknown persons or guardians. Gunnery Sergeant Gray does not fit into either of these categories.

---

1. Layman quotes only the last paragraph of IC 29-1-1-12 claiming the clerk must mail the notice to the interested parties. The clerk mails notice to interested parties only when notice by publication is employed. Such is not the case here. The statute is clear and unambiguous.

2. We believe this designation refers to Gunnery Sergeant, a U.S. Marine Corps rating. This belief is reinforced by a Fleet Post Office (FPO) San Francisco mailing address. However, the record does not speak with clarity on this matter.

■ 50 U.S.C.A. § 520 protects the rights of servicemen who are defaulted due to their military service. Violation of this statute makes a judgment voidable not void. *See Rentfrow v. Wilson* (1965), D.C. App., 213 A.2d 295. Only Gray or his representative may attack the judgment and only as it affects him personally. *Id.*

Accordingly, Layman may not invoke this statute.

### IV. *Election of Survivors Allowance*

Layman contends the court erred in allowing Earvin's estate an $8,500 survivor's allowance, IC 29–1–4–1, from Myrtle's estate. Specifically, Layman maintains because Earvin himself did not elect the survivor's allowance, it should not be granted.

A surviving spouse does not have to elect such allowance in order to be entitled to it. In *Rush v. Kelley* (1905), 34 Ind.App. 449, 73 N.E. 130, an administrator's failure to pay such survivor's allowance required the setting aside of the final settlement of the estate. In *Welch v. Collier* (1901), 27 Ind. App. 502, 61 N.E. 757, the court held the surviving spouse is entitled to the allowance even though she had not elected it during her lifetime.

Although Earvin did not elect the allowance during his lifetime, he did nothing inconsistent with its election. Courts in this state have only disallowed the survivor's allowance when the surviving spouse takes under their spouse's will. *Engleson v. Viets* (1982), Ind.App., 443 N.E.2d 343.

■ By not acting inconsistently with the election, Earvin has elected the survivor's allowance. The allowance is not a claim as commonly understood. It is superior to the debts of the decedent. *Elkhart County Department of Public Welfare v. Kehr* (1953), 124 Ind.App. 325, 112 N.E.2d 451, *trans. denied.* The only superior claims to it are for administration of the estate, expenses of last illness, and decedent's funeral expenses. *Comer v. Light* (1911), 175 Ind. 367, 93 N.E. 660.

### V. *Funeral Expenses*

■ Layman claims the court erred in refusing to allow funeral expenses to be paid from Myrtle's estate. Anna contends the funeral expenses should be barred because administration of Myrtle's estate was not commenced within one year after Myrtle's death.

The applicable statute is IC 29–1–14–1. It reads in part

Sec. 1. (a) All claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within five (5) months after the date of the first published notice to creditors.

. . . .

(d) All claims barrable under the provisions of subsection (a) hereof shall, in any event, be barred if administration of the estate is not commenced within one (1) year after the death of the decedent.

Here, the administration of Myrtle's estate was begun over two years after her death. Under the statute her estate's claim for funeral expenses is barred.[3]

### VI. *Offset for Residence Rental*

■ Layman argues the trial court erred in not granting an offset to Myrtle's estate for the fair rental value of the marital residence where Earvin lived after Myrtle's death. Title to the residence was in Myrtle's name at her death. Layman contends Earvin was allowed to live in the marital residence by the heirs as long as he remained single. Once Earvin married, this privilege was revoked and the family became entitled to their share of the fair rental value of the home for the 26 months Earvin lived there after Myrtle's death.

---

**3.** Layman argues the failure to pay funeral expenses is unfair. Apparently Myrtle's family paid the funeral expenses and did not complain until a portion of Myrtle's estate was to be given to Anna through her marriage to Earvin.

However, Layman presents no cogent legal argument or authority justifying an award of rent. Thus, this issue is waived, *see* Ind.Rules of Procedure, Appellate Rule 8.3(A)(7), requiring cogent argument and citation of appropriate authority.

Myrtle left an estate worth approximately $17,000. The estate consisted of the house and its contents. Considering Earvin's $8,500 survivor's allowance under IC 29–1–4–1 and his ⅓ intestate share therein, *cf.* IC 29–1–2–1(a)(1), Earvin owned over half of the marital residence after Myrtle's death.

 Furthermore, Layman attempts to rescind a gift that had already vested. Services rendered by family members are gratuitous unless there is an express or implied contract for repayment. *Wilhoite v. Beck* (1967), 141 Ind.App. 543, 230 N.E.2d 616, 621. Once given, the gift becomes absolute. *Lucas v. Frazee* (1984), Ind. App., 471 N.E.2d 1163.

Accordingly, the court did not err in this regard.

### VII. *Attorney Fees*

Anna asserts she is entitled to attorney fees because this appeal was taken in bad faith for the purpose of harassment and delay. We disagree.

 An award of attorney fees is discretionary when the appeal is,
a) frivolous;
b) taken in bad faith;
c) taken for the purpose of harassment, vexation or delay; or
d) the issues presented are wholly without substance or merit.
*Orr v. Turco Manufacturing Co., Inc.* (1986), Ind.App., 496 N.E.2d 115, 117; A.R. 15(G).

In *Turco* we stated:
When exercising this court's discretionary power to award damages on appeal, we are careful not to do so unless the case before us clearly warrants such action. We do not intend to chill any potential litigant's constitutional right to appellate review, *Briggs,* [*v. Clinton County Bank & Trust Co.* (1983), Ind.

App.] 452 N.E.2d [989] at 1015; *Ind. Const.* Art. 1, § 12. Thus, sanctions are imposed only in clear cases. *Id.*

Such a clear case has not been demonstrated here. There is a "scintilla of merit" in this appeal. *Id.* That is enough to survive a frivolous appeal challenge.

The trial court is in all things affirmed.

YOUNG and BUCHANAN, JJ. concur.